Jerry G. & Arvella A.
OLSEN, Plaintiffs,

v.

UNITED STATES of America, Commissioner of Internal Revenue Service, Samuel Peden, M. Vilven, and Alaska Laborers–Employers Retirement Trust, Defendants.

Civ. No. 87–1207–RE.

United States District Court, D. Oregon.

April 20, 1988.

Jerry G. Olsen and Arvella A. Olsen, Bend, Or., pro se.

Charles H. Turner, U.S. Atty., Portland, Or., Mark E. Nebergall, Trial Atty., Tax Div., Washington, D.C., for U.S.

Monica A. Smith, Durham, Drummonds, Colombo & Smith, Portland, Or., for Alaska Laborers–Employers Retirement Trust Fund.

## OPINION

REDDEN, District Judge:

In this action, plaintiffs contest the propriety of a tax levy on their pension fund and seek damages and injunctive relief. Defendants the United States of America, the Commissioner of Internal Revenue, and Internal Revenue agents Samuel Peden and M. Vilven (collectively referred to as 'the federal defendants') move to dismiss and/or for summary judgment. In addition, defendant Alaska Laborers–Employers Retirement Trust (Trust Fund) moves to dismiss and/or for summary judgment. For the reasons below, I grant the motions.

## BACKGROUND

In August 1983, plaintiffs filed a personal income tax return for the tax year 1982. Their return showed that plaintiffs' income tax liability for the year totalled $8,620. Because plaintiffs had withholding credits of $9,612, their return indicated that they were entitled to a refund of $992. Plaintiffs received the refund. In June 1985, the Commissioner notified plaintiffs of a $175 deficiency in their 1982 tax liability. Although they did not pay the interest accrued, plaintiffs paid the deficiency.

During this time, plaintiffs resided at 1263 Juniper Road, Camano Island, Washington. Plaintiffs have not filed a federal income tax return since the 1982 return.

By a March 22, 1986 certified letter addressed to their Camano Island address, the Commissioner attempted to notify plaintiffs of a second deficiency of over $4,000 plus penalties over $1,000. The Post Office returned the letter. Plaintiffs had moved and plaintiffs' forwarding order with the Post Office had expired.

On September 2, 1986, the Commissioner assessed plaintiffs' second deficiency at $5,419 plus accrued interest. In June 1987, defendant Vilven, a Revenue Officer, filed notices of federal tax lien with the Oregon Secretary of State and the Deschutes County Recorder's Office. On September 3, 1987, defendant Peden, also a Revenue Officer, issued a notice of levy on plaintiffs' income from the Trust Fund.

## STANDARDS

When the district court looks beyond the pleadings in evaluating a motion to dismiss, the motion must be treated as one for summary judgment. Fed.R.Civ.P. 12(b). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). Here, all parties have submitted additional affidavits and records.

## DISCUSSION

The federal defendants move to dismiss and/or for summary judgment on several grounds: (1) the court lacks jurisdiction to grant injunctive relief; (2) sovereign immunity bars a damage action against the United States or its officers acting within the scope of their official capacities; and (3) the individual defendants are qualifiedly immune against damage actions from suit for tort damages. The Trust Fund moves to dismiss and/or for a judgment on the pleadings on the grounds that 26 U.S.C. § 6332 requires it to honor the levy.

### 1. Jurisdiction for Injunctive Relief

■ The Anti–Injunction Act, 26 U.S.C. § 7421, severely limits a taxpayer's ability to enjoin the collection of taxes. If the taxpayer fails to establish that his suit falls within one of the statutory or judicially created exceptions to this statute, the district court lacks subject matter jurisdiction and must dismiss the complaint. *Id.; Jensen v. Internal Revenue Service*, 835 F.2d 196, 198 (9th Cir.1987).

Here, plaintiffs allege that the Commissioner failed to comply with the notice provisions of 26 U.S.C. §§ 6212(a) and 6213(a) before levying on his Trust Fund benefits. Section 6213(a) expressly allows the court to enjoin the collection of taxes when the notice is deficient. In addition to this statutory exception, the federal defendants also point out a possible judicial exception developed in *Enochs v. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The *Williams*

*Packing* rule allows a taxpayer to enjoin the Commissioner's collection of taxes if the taxpayer can show that: (1) under no circumstances can the government ultimately prevail; and (2) the taxpayer will suffer irreparable harm if the injunction is not granted. The federal defendants argue that the present action meets neither the statutory exception nor the *Williams Packing* exception. Consideration of both exceptions requires me to determine whether plaintiffs received the requisite notice under 26 U.S.C. § 6212(a).

26 U.S.C. § 6212(a) requires that the Commissioner send notice of a tax deficiency to the taxpayer by certified or registered letter. The notice is sufficient if mailed to the taxpayer's last known address. *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir.1982). The Commissioner must use reasonable diligence in attempting to ascertain the taxpayer's correct address. *Id.* at 313. The taxpayer has the burden of showing that the Commissioner did not exercise reasonable diligence. *Cyclone Drilling, Inc. v. Kelley*, 769 F.2d 662, 664 (10th Cir.1985). A taxpayer's last known address is that on his most recent return, unless the taxpayer communicates to the Commissioner "clear and concise" notice of a change of address. *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir.), *cert. denied*, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). In addition, the last known address is the address to which the Commissioner reasonably believes the taxpayer wishes notice to be sent. *See Mulvania v. Commissioner of Internal Revenue*, 769 F.2d 1376, 1379 (9th Cir.1985).

Here, although the Commissioner contends that he received no notice, e.g., plaintiffs have filed no tax returns since their 1982 return in 1983, plaintiffs contend that the Commissioner received notice of their Oregon address by means of the Forms 1099–DIV filed by Columbia Growth Fund, Inc. Although filing a tax return at a new address may be sufficient to notify the Commissioner of a change of address, *see Cool Fuel*, 685 F.2d at 312, plaintiffs offer no authority that forms filed by third party non-agents may serve as clear and concise notice of a change of address.

Nonetheless, plaintiffs contend that given the notice provided in the Forms 1099–DIV, the Commissioner failed to use due diligence in ascertaining their correct address. As noted above, the forms were not sent by plaintiffs but a third party non-agent. Further, although reasonable diligence may require the Commissioner to use the address which the taxpayer uses on subsequent tax returns, *id,* or which the taxpayer uses in correspondence, *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367 (1974), I am unaware of any authority that the Commissioner's duty to exercise due diligence entails a duty to inquire whether forms filed by a third party have the taxpayer's new address.

Hence, I find the notice adequate. Accordingly, I find the section 6213 exception inapplicable. Likewise, the *Williams Packing* exception is inapplicable because the government will probably prevail in its action to recover the tax. Accordingly, this court is without jurisdiction to issue injunctive relief in this case. Therefore, I grant the federal defendants' motion to dismiss on this issue.

2. Sovereign Immunity

As a sovereign, the United States is immune from suit without its prior consent. *United States v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 661, 84 L.Ed. 888 (1940). Plaintiffs cannot avoid the bar of sovereign immunity merely by naming officers or employees of the United States as defendants. *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 687, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949). The bar extends to such officers and employees to the extent that they are acting in their official capacities. *Id.* at 703, 69 S.Ct. at 1468.

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680 (FTCA), constitutes a limited waiver of sovereign immunity. The FTCA, however, specifically excludes claims based upon an officer's performance of a discretionary function in

connection with collection of any tax. 28 U.S.C. § 2680(a) and (c).

Here, plaintiffs seek damages from the United States and from the Commissioner and his officers who attempted to collect plaintiffs' tax liability. Sovereign immunity bars the damage claim against the United States and against the individual defendants to the extent that they are sued in their official capacities. Hence, I grant the federal defendants' motion on plaintiffs' claims for damages against the United States and against the individual defendants acting in their official capacities.

### 3. Qualified Immunity

 Notwithstanding the sovereign immunity defense, the individual federal defendants are also qualifiedly immune from liability. Government officials performing discretionary functions are qualifiedly immune from liability if a reasonable officer would not understand that what he is doing violates a clearly established right. *Anderson v. Creighton,* —— U.S. ——, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

Here, plaintiffs allege that the individual federal defendants violated plaintiffs' due process rights by the individual defendants' collection activity. This collection activity is authorized by statute. In the absence of any other allegations, I find that the individual defendants are also qualifiedly immune from suit. Accordingly, I grant the individual defendants' motion on this basis as well.

### 4. The Requirements of 26 U.S.C. § 6332

26 U.S.C. § 6332(a) provides that any person in possession of property upon which the Commissioner has issued a levy shall surrender the property with certain exceptions not applicable here. Moreover, 26 U.S.C. § 6332(d) states that any person in possession of property who honors a levy and surrenders the property shall be discharged from any liability to the taxpayer arising from the levy.

Here, the Commissioner levied upon plaintiffs' benefits paid by the Trust Fund. Defendant Trust Fund has honored the levy. Plaintiffs contend that the Trust Fund is liable because it honored a wrongful levy. Plaintiffs offer no authority to support liability for honoring a wrongful levy. Hence, the Trust Fund is not liable for surrendering the benefits. Accordingly, I grant defendant Trust Fund's motion to dismiss for failure to state a claim.

### CONCLUSION

Hence, I grant the federal defendants' motion to dismiss and/or for summary judgment. In addition, I grant the Trust Fund defendant's motion to dismiss and/or for summary judgment.