50 F.3d 16
 75 A.F.T.R.2d 95-1453, 95-1 USTC P 50,174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary SNELL, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70012.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 9, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Snell appeals the tax court's dismissal of his petition for redetermination of a tax deficiency for lack of jurisdiction. The tax court held that Snell's petition was untimely. Snell contends that the tax court erred because the Commissioner of the Internal Revenue Service ("Commissioner") did not send the notice of deficiency to Snell's "last known address." We have jurisdiction under 26 U.S.C. Sec. 7482(a) and affirm.
 
 
 3
 We review the tax court's dismissal for lack of jurisdiction de novo. Abrams v. Commissioner, 814 F.2d 1356, 1357 (9th Cir.1987) (per curiam). We review the issue of whether a notice of deficiency was mailed to a taxpayer's last known address for clear error. King v. Commissioner, 857 F.2d 676, 678-79 (9th Cir.1988).
 
 
 4
 Under 26 U.S.C. Sec. 6212, once the Commissioner determines a tax deficiency, he is authorized to send a notice of the deficiency to the taxpayer's last known address by certified or registered mail. See 26 U.S.C. Secs. 6212(a) & (b)(1). The taxpayer has ninety days from the date the notice of deficiency is mailed in which to file a petition for redetermination of the deficiency in tax court. Id. Sec. 6213(a). The ninety-day period begins on the day the notice of deficiency is mailed, regardless of when or if the taxpayer actually receives it. Williams v. Commissioner, 935 F.2d 1066, 1067 (9th Cir.1991). The timely filing of a petition with the tax court is jurisdictional. Shipley v. Commissioner, 572 F.2d 212, 213 (9th Cir.1977) (per curiam).
 
 
 5
 Although the Commissioner must "exercise reasonable diligence in ascertaining the taxpayer's correct address," Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), aff'd, 538 F.2d 335 (9th Cir.1976), he may rely on the address given "on [the taxpayer's] most recent return, unless the taxpayer communicates to the IRS 'clear and concise' notice of a change of address." United States v. Zolla, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830 (1984) (citations omitted).
 
 
 6
 From July 1988 to August 1991, Snell was a California state prisoner incarcerated at the Vacaville Correctional Facility. On or about August 17, 1988, revenue agent David Sanchez became aware of Snell's incarceration through information provided by an unidentified third party. On March 30, 1989, the IRS received Snell's 1987 tax return. Although Snell was incarcerated at the time he mailed his 1987 tax return, he listed his address as: P.O. Box 223118, Carmel, California 93322. On October 5, 1989, the Commissioner sent by certified mail duplicate notices of deficiency for the taxable year of 1985 to (1) the Carmel P.O. Box address provided by Snell on his most recent tax return, and (2) 30980 Aurora Del Mar, Carmel Highlands, California 93923, the address of Snell's residence prior to being incarcerated.
 
 
 7
 Snell contends that the Commissioner was not entitled to rely on these addresses because the Commissioner was aware that Snell was confined in prison at the time he mailed the notice of deficiency. Snell, however, failed to give the IRS notice that he wished correspondence to be sent to the Vacaville prison. In addition, Snell used the Carmel P.O. Box address on the tax return he mailed from prison only seven months before the IRS mailed the notice of deficiency. Moreover, Snell maintained the Carmel P.O. Box address while he was incarcerated and instructed his executive secretary to pick up his mail from the box on a regular basis. She did so, but following his instructions did not pick up registered or certified mail.
 
 
 8
 In light of these facts, we agree with the tax court that the IRS was not required to rely on the third party's notice of Snell's address change. See Zolla, 724 F.2d at 808 (If the IRS was required to rely on third party information "where the taxpayer himself did not communicate the change of address to the IRS, the taxpayer would not be estopped from arguing that a change of address noted by the IRS was incorrect."); see also Olsen v. United States, 694 F.Supp. 1484, 1487 (D.Or.1988) (Commissioner not obligated to inquire whether tax form filed by third party reflected taxpayer's new address). The Commissioner properly relied on the address provided by Snell on his most recent return prior to the mailing of the notice of deficiency. See Zolla, 724 F.2d at 811. Accordingly, the tax court did not clearly err by determining that a notice of deficiency was mailed to Snell's last known address. See Williams, 935 F.2d at 1068. Because Snell did not file his petition for redetermination until May 14, 1992, the petition was untimely and the tax court did not err by dismissing the petition for lack of jurisdiction.[1] See 26 U.S.C. Sec. 6213(a), (c); Shipley, 572 F.2d at 213.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Snell's reliance on Dewelles v. United States, 378 F.2d 37 (9th Cir.), cert. denied, 389 U.S. 996 (1967), and Keeton v. Commissioner, 74 T.C. 377 (1980), to support his argument that agent Sanchez failed to exercise reasonable diligence in ascertaining Snell's correct address is unavailing. In Dewelles, the IRS mailed the taxpayer a notice of deficiency to an address different from the one used on the taxpayer's most recent return. The notice was mailed to the address which the taxpayer had orally notified the IRS as being his new address. Therefore, the court held that the IRS sent the notice to the taxpayer's last known address. Dewelles, 378 F.2d at 40. Here, however, the IRS sent the notice of deficiency to the address used on Snell's last tax return, and Snell never advised the IRS of an address change. In Keeton, an IRS agent auditing the taxpayers' joint returns relied on an address where taxpayers resided prior to their conviction for violation of federal income tax laws. Because the IRS auditing agent was also involved with the criminal investigation of the taxpayers which led to one taxpayer's imprisonment, and because the address relied on was not listed on any of the returns for the years in issue, the court held that the IRS agent's reliance on the taxpayers' old address was not reasonable. Keeton, 74 T.C. at 383. But here, agent Sanchez was not involved with the state's prosecution of Snell for a non-tax related offense, and the return Snell filed from prison listed the Carmel P.O. Box, and not the prison as his address. Therefore, agent Sanchez's reliance on the Carmel P.O. Box address was reasonable