SHERWOOD E. BLOUNT, JR., AND PHYLLIS B. BLOUNT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 34916-84.        Filed March 13, 1986.

*Larry Hercules* and *Edward Lavery*, for the petitioners.
*William Hardeman*, for the respondent.

## OPINION

JACOBS, *Judge*: This case is before us on petitioners' motion for summary judgment under Rule 121(a)[1]. As the parties have stipulated to all the pertinent facts, there is no genuine issue as to any material fact; therefore, a decision may be rendered as a matter of law. Rule 121(b).

The sole issue involved is whether the period for assessing a deficiency against the petitioners for 1980 expired prior to the date (July 5, 1984) on which respondent issued his notice of deficiency. Resolution of this issue depends upon whether the omission of Form W-2 with the return filed by petitioners on or before June 15, 1981, rendered the return incomplete.

## BACKGROUND

Petitioners, husband and wife, resided in Dallas, Texas, at all relevant times.

Petitioners requested and obtained an extension to file their income tax return for 1980 until June 15, 1981. They mailed their joint 1980 income tax return within the extended time period (the June 15 return) to the Internal Revenue Service Center at Austin, Texas. The return was received at the Service Center on June 17, 1981.

The June 15 return was prepared by a certified public accountant and consisted of 30 pages, in which income, gains, deductions, and losses from numerous sources were reported. Among the items of income reported was $36,000 of salary income received by Mr. Blount from Sherwood Blount & Co., Realtors. This item comprised approximately

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue unless otherwise stated.

5 percent of the total gross income reported on the return. After taking into account the substantial deductions and losses shown on the return, petitioners reported a tax liability of $10,950 and previous payments on that liability totaling $23,848, thus leaving an overpayment of $12,898. Of the reported tax payments of $23,848, $6,832 represented income tax withholding on Mr. Blount's salary income.

The Wage and Tax Statement (Form W-2) relating to Mr. Blount's 1980 salary income from Sherwood Blount & Co., Realtors, was not attached to the June 15 return. On June 30, 1981, the Service Center returned the June 15 return to petitioners for resubmission with a Form W-2. On July 7, 1981, petitioners' 1980 return was resubmitted (the resubmitted return) with the requested Form W-2. The resubmitted return and Form W-2 were received by the Service Center on July 9, 1981. Respondent mailed a notice of deficiency to petitioners on July 5, 1984, determining a $210,132 deficiency in their 1980 income tax.

Petitioners contend that the notice of deficiency was mailed more than 3 years after the June 15, 1981, filing of their 1980 return; if petitioners are correct, assessment of the 1980 deficiency is time barred pursuant to section 6501(a). Respondent, on the other hand, argues that the June 15 return was incomplete because no Form W-2 was attached. Respondent contends that petitioners did not file a complete return until July 9, 1981, the date on which the resubmitted return with attached Form W-2 was received at the Service Center; if respondent is correct, the notice of deficiency was timely mailed.

## DISCUSSION

For the reasons set forth hereinafter, we hold that the June 15 return is a return for purposes of section 6501(a); hence, the period for assessing a deficiency against petitioners for 1980 expired prior to the date on which respondent issued his notice of deficiency.

Section 6011(a), in general, requires any person who is liable for tax to:

make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations.

Section 6501(a) generally prescribes a 3-year period of limitations "after the return was filed" in which an assessment of tax can be made.

Pursuant to section 6011(a), respondent has mandated in section 1.6011-1(a), Income Tax Regs., that a return shall contain the information required by the appropriate forms. Because the income tax return for individuals (Form 1040) provides that a Form W-2 be attached thereto, respondent argues that the June 15 return is not in compliance with section 1.6011-1(a), Income Tax Regs.; thus, he concludes that the June 15 return was not a return for purposes of section 6501(a).

The Supreme Court on numerous occasions has addressed the issue of whether a document constitutes a return. See *Florsheim Bros. Drygoods Co. v. United States*, 280 U.S. 453 (1930); *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172 (1934); *Commissioner v. Lane-Wells Co.*, 321 U.S. 219 (1944); and *Badaracco v. Commissioner*, 464 U.S. (1984). In *Zellerbach*, Justice Cardozo stated:

Perfect accuracy or completeness is not necessary to rescue a return from nullity, if it purports to be a return, is sworn to as such * * *, and evinces an honest and genuine endeavor to satisfy the law. This is so though at the time of filing the omissions or inaccuracies are such as to make amendment necessary. [293 U.S. 172, 180]

In *Beard v. Commissioner*, 82 T.C. 766 (1984), on appeal (6th Cir., Sept. 24, 1984), we held that a tampered form filed by a tax protester was not a return for purposes of section 6651(a)(1). We determined that the inquiry into the sufficiency of a return for section 6651(a)(1) purposes is the same as the inquiry into the sufficiency of the return for section 6501 purposes. Relying on the relevant Supreme Court cases regarding the statute of limitations for assessments, we stated:

The Supreme Court test to determine whether a document is sufficient for statute of limitations purposes has several elements: First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable

attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury. [82 T.C. at 777]

The document which petitioners filed on June 15, 1981, was an unaltered Form 1040 that set forth the items of gross income, deductions, and credits from which petitioners' 1980 tax liability could be calculated. It purported to be a return; it was an honest and reasonable attempt to report the taxable income which petitioners believed they had received during 1980; it reported the tax petitioners believed was due; and it was signed under penalties of perjury. We therefore find that the June 15 return satisfies the four-pronged test laid down by the Supreme Court.

The omission of a Form W-2 does not prevent the calculation of tax liability. Even if the return is considered incomplete solely due to the omission of a Form W-2, the subsequent resubmission of the return with a Form W-2 operates to supply the omitted information or correct inaccurate information.

Respondent makes an additional argument on the grounds of policy and administrative convenience. Essentially, respondent claims that it is logistically impossible for him to retain a return filed without a Form W-2 while he notifies the taxpayer of the omission and awaits the taxpayer's response. Therefore, he argues, efficient operation of the tax collection system requires that returns filed without Forms W-2 be returned to taxpayers and that the filing then be considered a nullity for purposes of computing the period of limitations. To treat such incomplete returns as sufficient for the purpose of starting the limitations period, respondent contends, would put him at a disadvantage because the clock would be running against him during such time period when he has no return in his possession.

We recognize that respondent's task of processing tax returns is formidable and is more difficult when a Form W-2 is not attached to Form 1040. However, once a return has been filed (or is deemed filed), the period of limitations on assessment begins to run. Respondent cannot extend the

period of limitations by returning a return simply because it does not include a Form W-2.

Accordingly,

*Petitioners' motion for summary judgment will be granted.*