ALEXANDER GOULARD, JR., ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Goulard v. Commissioner
Docket Nos. 25665-87, 25666-87, 25667-87, 25668-87
United States Tax Court
T.C. Memo 1990-448; 1990 Tax Ct. Memo LEXIS 492; 60 T.C.M. (CCH) 567; T.C.M. (RIA) 90448; 12 Employee Benefits Cas. (BNA) 2315; August 21, 1990, Filed Thomas G. Christmann and Walter M. Tovkach, for the petitioners. Roslyn D. Grand and David Albert Mustone, for the respondent. WELLS, Judge. WELLS
MEMORANDUM OPINION The instant case is before the Court on two motions filed by petitioners. The first motion is entitled "Motion to Dismiss for Lack of Jurisdiction," and the second motion is entitled "Second Motion to Dismiss for Lack of Subject Matter Jurisdiction." The instant case concerns petitioners' liability for section 4975[2] *493 excise taxes because of loans made to them by a qualified pension plan. Petitioners' first motion asks that we dismiss the instant case as to those years that they contend are closed by the applicable period of limitation. [3] Petitioners' second motion asks that we dismiss the instant case entirely because of insufficient notice from respondent to the Department of Labor ("DOL") of respondent's intent to determine section 4975 excise tax deficiencies. Factual Background
The parties have stipulated certain facts. The stipulation of facts and attached exhibits are hereby incorporated by reference. From 1980 through 1984, petitioners were employees of Radiology Associates of Ocala-Goulard, West and Associates, P.A. ("Radiology Associates"), and participants in Radiology Associates' qualified pension plan ("the plan"). From 1980 through 1984, petitioners borrowed money from the plan. At pertinent times, respondent and DOL were parties to an agreement entitled "Agreement Between the Internal Revenue Service and the Department of Labor for the Coordination of Examination and Litigation Activities Involving Employee Benefit Plans" ("the IRS-DOL *494 Agreement"). Portions of the IRS-DOL Agreement relevant to the instant case provided as follows: II. Examination Referral Program
A. General
1. The agencies have developed checksheets for determining whether issues presented in an examination/investigation by one agency should be referred to the other agency. * * * * * * 3. Referral Procedures * * * (b) IRS examiners will complete Checksheet B during their examinations. Checksheets referred to DOL will be sent (along with copies of 5500 Series returns relating to the plans subject to the referral) to the LMSA [Labor Management Services Administration] Area Office, with jurisdiction over the plans, on the last workday of each week. (c) The initiating agency will complete all parts of a checksheet during an examination/investigation. The agency making the referral transmits Parts One and Two to the other agency, which will complete the "Action Taken" block. The agency receiving the Form will retain Part One in a separate file and will return Part Two to the initiating agency to be included in the appropriate plan administrative/case file. * * * (e) An agency initiating the referral of a checksheet will generally not take dispositive *495 action on its examination/investigation findings during the ten workday period described in section B.3. and C.3. of this Part. * * * * * * B. Examinations Initiated by IRS
* * * 2. When an entry on a Checksheet B requires the referral of the checksheet to DOL, IRS will refer the checksheet in accordance with section A.3.b. of this Part. 3. DOL will review Checksheet B, complete the "Action Taken" block, and return Part Two to IRS within ten workdays of the date of the memorandum or other document transmitting the checksheet to DOL. 4. When DOL returns Checksheet Part Two to IRS with an entry in the Action Taken block indicating that DOL is taking no action, IRS will continue its examination in accordance with its existing procedures. * * * 6. If IRS refers a Checksheet B to DOL with an entry indicating that a violation of the fiduciary standards under Title I of ERISA or a violation of the ERISA prohibited transaction requirements has occurred, the referral will constitute a notice to DOL within the meaning of section 3003(a) of ERISA. * * * On January 27, 1986, respondent sent DOL, at its Miami Pension and Welfare Benefit Programs Office, a completed "Checksheet B" pursuant *496 to the foregoing provisions of the IRS-DOL Agreement. The checksheet indicates that respondent examined the plan's fiscal years ending in April 1983 and 1984. In response to the question "Is there any indication that a violation of section 4975 of the IRC (Act Section 406) has occurred?", respondent circled "Yes" on the checksheet. Under the heading "Remarks," respondent wrote, "The IRS is actively pursuing the P-T issues (loans) and intends to impose 4975 excise tax against all disqualified persons involved. Correction will be effected, or if not, the 100% penalty will be imposed." With the checksheet, respondent sent DOL copies of the plan's returns for the fiscal years ending on April 30, 1983, and 1984. On February 4, 1986, DOL returned "copy 2" of the checksheet to respondent. In the "Action Taken" section of the checksheet, DOL checked the box for "Checksheet Reviewed -- No Action Planned." On May 13, 1987, respondent issued notices of deficiency to petitioners, determining deficiencies in section 4975 excise taxes attributable to plan loans. The plan filed information returns for its fiscal years ending on April 30, 1980, through 1985, prior to the due dates for the returns *497 on November 30 of the respective years. [4] The plan's return on Form 5500-C for the fiscal year ending April 30, 1980, asks, "Did any non-exempt transaction, involving plan assets, involve a person known to be a party-in-interest?" The plan's returns on Forms 5500-C for the fiscal years ending April 30, 1981, 1983, and 1984, asks, "Other than transactions described in the exceptions outlined in the instructions, were there any transactions, directly or indirectly, between the plan and a party-in-interest?" The plan's return on Form 5500-R for the fiscal year ending April 30, 1982, asks, "Did the plan lend assets to, borrow from, or guarantee any indebtedness of a party-in-interest?" The plan answered each of foregoing questions "no." Additionally, the plan returns for the fiscal years ending on April 30, 1981, 1983, and 1984, asked, "As of the end of the plan year: (a) What percentage of plan assets are loaned to a party-in-interest?" For each of those *498 years except that ending in 1984, the plan return indicated "0%." For the year ending in 1984, the plan return indicated that 14 percent of plan assets were loaned to parties-in-interest. On September 29, 1986, petitioners signed Forms 872 purporting to extend until November 11, 1987, [5] the period for assessing excise taxes for taxable year 1980. Period of Limitation
Petitioners' first motion claims that the general three-year period of limitation set forth in section 6501(a) bars assessments of excise taxes for taxable years 1980 through 1983. The following table illustrates that application of the three-year period would prevent assessments of excise taxes attributable to transactions occurring through April 30, 1983: Plan Year
Plan Return
3-Year
Notices of
Ending
Due Date [6] *499 Period Expires
Deficiency Date
4/30/80
11/30/80
11/30/83
4/30/81
11/30/81
11/30/84
4/30/82
11/30/82
11/30/85
4/30/83
11/30/83
11/30/86
5/13/87
4/30/84
11/30/84
11/30/87 Respondent contends that the six-year period of limitation prescribed by section 6501(e)(3) permits assessments of excise taxes for all of the years in issue, i.e., 1980 through 1984. Respondent's position is illustrated by the following table: Plan Year
Plan Return
6-Year
Notices of
Ending
Due Date
Period Expires
Deficiency Date
4/30/80
11/30/80
11/30/86 *
5/13/87
4/30/81
11/30/81
11/30/87
4/30/82
11/30/82
11/30/88
4/30/83
11/30/83
11/30/89
4/30/84
11/30/84
11/30/90
Petitioners argue that the six-year period of limitation cannot apply to their excise tax liabilities because 6501(e)(3) provides for an extended assessment period only when a taxpayer omits the requisite amount of excise taxes "properly includible" on a return and, in the instant case, no amount of excise tax was "properly includible" on the plan returns. We rejected the identical argument in Thoburn v. Commissioner, 95 T.C. (1990). In that opinion, we held that failure to disclose a transaction on a plan return was tantamount to omitting the excise taxes attributable to the transaction and that, therefore, *500 the six-year period of limitation would apply when a plan return failed to disclose transactions giving rise to the requisite amount of excise taxes. We also denied the taxpayer's motion for partial summary judgment with respect to the issue of whether the returns inquire into loans made in previous years, and whether such loans therefore were "omitted" from the returns and subject to the six-year limitation period. In that regard, the taxpayers in Thoburn failed to show the repayment terms of the plan loans, which we stated were "relevant to the issue of whether amounts originally advanced in a prior year can be considered reloaned in subsequent years." Thoburn v. Commissioner, supra, slip op. at p. 31. Similarly, in the instant case, petitioners have failed to make such a showing. The plan returns for the years in issue in the instant case do not differ in any relevant respect from those involved in Thoburn. Accordingly, we will deny partial summary judgment with respect to petitioners' first motion. Sufficiency of Notice to DOL
In their second motion, petitioners argue that dismissal of the instant case is required because of respondent's failure to satisfy section 4975(h). *501 That provision requires respondent to notify DOL of his intent to determine a deficiency in section 4975 excise tax and permit DOL to obtain a correction of the prohibited transaction or comment on the imposition of the tax. The taxpayers in Thoburn made a similar argument, and, for the reasons discussed in that opinion, we reject petitioners' argument in the instant case. As in Thoburn, in the instant case, respondent sent DOL a communication that was understood by the parties to be a harbinger of statutory notices of deficiency. The IRS-DOL Agreement expressly provides that if respondent sends DOL a checklist indicating a violation of the prohibited transaction rules, "the referral will constitute a notice to DOL within the meaning of section 3003(a) of ERISA [the "labor" counterpart to section 4975(h) of the Code]." The checklist sent to DOL indicated a violation of the prohibited transaction rules. Moreover, the checklist sent to DOL by respondent states, "The IRS is actively pursuing the P-T issues (loans) and intends to impose 4975 excise tax against all disqualified persons involved. Correction will be effected, or if not, the 100% penalty will be imposed." In light of that *502 explicit language and the cited portion of the IRS-DOL Agreement, we believe respondent notified DOL of his intent to determine section 4975 excise tax deficiencies and afforded DOL the opportunity to intervene. Accordingly, we hold that respondent satisfied section 4975(h). As in Thoburn, we need not decide whether a violation of section 4975(h) invalidates a statutory notice of deficiency. Accordingly, petitioners' second motion will be denied. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Cases of the following petitioners have been consolidated herein: Alexander Goulard, Jr., docket No. 25665-87; B. Duke West, docket No. 25666-87; Richard Smith, docket No. 25667-87; and Charles Jordon, docket No. 25668-87. Except as otherwise noted, for convenience we will refer to the foregoing consolidated cases collectively as "the instant case."↩
2. Unless otherwise indicated, all section and Code references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure (effective July 1, 1990).
3. Although petitioners' motion suggests that we lack jurisdiction over years closed by the applicable limitation period, we have jurisdiction over such years, as the statute of limitations is an affirmative defense that must be pleaded. Rule 39; Shopsin v. Commissioner, T.C. Memo. 1984-151. Summary judgment would be appropriate with respect to barred years, and we therefore treat petitioners' motion as one for partial summary judgment. Blount v. Commissioner, 86 T.C. 383↩ (1986).
4. See Form 5500-C (1979). Section 301.6058-1(a)(4), Proced. & Admin. Regs., provides that the information return of a plan required by section 6058(a) shall be filed at the time required by the prescribed form and related instructions.↩
5. For some unknown reason, the Form 872 signed by petitioner Richard Smith, M.D., purported to extend the period until November 30, 1987.↩
6. Pursuant to section 6501(l)(1), the return of a plan constitutes the return of section 4975 excise taxes attributable to transactions occurring within the plan's year.
*. Year remains open by agreement entered into prior to expiration of period of limitation. Sec. 6501(c)(4)↩.