Harold J. MARKS, a/k/a Haley Justin Van De Mark and Lea Marks, a/k/a Alanna Leigh Van De Mark, Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 90–1036.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 11, 1991.

Decided Oct. 29, 1991.

Robert L. Shevin, Miami, Fla., for appellants.

Gilbert S. Rothenberg, Atty., Dept. of Justice, with whom Shirley D. Peterson, Asst. Atty. Gen., and Gary R. Allen, Atty., Dept. of Justice, Washington, D.C., were on the brief, for appellee.

Before EDWARDS and SILBERMAN, Circuit Judges, and VAN GRAAFEILAND,* Senior Circuit Judge, United States Court of Appeals for the Second Circuit.

Opinion for the Court filed PER CURIAM.

* Sitting by designation pursuant to Title 28 U.S.C. § 294(d).

PER CURIAM:

Appellants Harold J. and Lea Marks (a/k/a Haley Justin and Alanna Leigh Van De Mark) were involved in the organization and promotion of tax shelters from 1973 to 1979, which led eventually to criminal and civil tax investigations. On June 30, 1982, pursuant to 26 U.S.C. § 6212, the Commissioner of Internal Revenue (Commissioner) sent, by certified mail, duplicate notices of deficiency—involving almost $1.4 million—to four addresses in South Florida that the Markses were known to have used, including the addresses used on their last tax return and on their most recent correspondence with the Internal Revenue Service (IRS). All four notices were returned as undeliverable. In May 1988, within 90 days of the date on which the Markses allege they received actual (verbal) notice of the deficiency, they filed a petition for redetermination in the Tax Court. The Commissioner, arguing that the petition was not timely filed, moved to dismiss the petition for lack of jurisdiction. *See* 26 U.S.C. § 6213(a), (c); *Stebbins' Estate v. Helvering*, 121 F.2d 892, 893–94 (D.C.Cir. 1941). In turn, the Markses argued that they had not received proper notice of the deficiency before the statute of limitations had run and sought dismissal of the deficiency on that ground. The Tax Court held for the Commissioner and dismissed the petition.

Notice of deficiency "shall be sufficient" if sent by certified or registered mail to the taxpayer's "last known address." 26 U.S.C. § 6212(b)(1). We have interpreted "last known address" to mean " 'the taxpayer's last *permanent* address ... known by the Commissioner or the last known *temporary address of a definite duration* to which the taxpayer has directed the Commissioner to send all communications.' " *Crum v. Commissioner*, 635 F.2d 895, 898 (D.C.Cir.1980) (quoting *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), *aff'd mem.*, 538 F.2d 334 (9th Cir.1976)) (emphasis added). We require the Commissioner " 'to exercise reasonable diligence in ascertaining the tax-

payer's correct address,' " but we have noted that he is generally " 'entitled to treat the address appearing on a taxpayer's [latest] return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address.' " *Id.* (quoting *Alta Sierra Vista*, 62 T.C. at 374).

The Markses do not dispute that the Commissioner sent a deficiency notice to the address used on their last tax return, that all communications that the Commissioner received from them and their agents related to one of the four addresses to which a notice was mailed, and that they never provided the Commissioner with "clear and concise notification" directing him to use any other address. Instead, appellants essentially argue that the Commissioner was not "reasonably diligent" in attempting to ascertain their correct address. They claim that the Commissioner's duty was heightened because, as he admits, he had been informed several months before mailing the deficiency notices that appellants had "completely severed their ties with [South Florida] and [had] set up their business and residence in Canada." *See, e.g., Ward v. Commissioner*, 907 F.2d 517, 522 (5th Cir.1990) ("[W]hen the IRS was aware before mailing the deficiency notice that the taxpayer had moved, the IRS was required to exercise greater diligence to discover the taxpayer's whereabouts." (citing cases)). The Markses allege that the Commissioner knew that they had changed their address to 110 Bloor Street in Toronto, Canada, and that they could also be reached through their son in Michigan, at an address to which the Commissioner mailed an extension request just a month before mailing the deficiency notices. The Markses contend that the Commissioner's duty of reasonable diligence required him to mail duplicate deficiency notices to the Toronto and Michigan addresses.

Even assuming—without deciding—that the Commissioner's duty to exercise diligence was heightened because he had been informed that the Markses had moved from South Florida, we believe that the Commissioner clearly satisfied his duty. The Commissioner admits knowledge of the Toronto address, and his agent did refer to it in an IRS report as the Markses' "[l]ast known address." Nevertheless, it is clear that the Commissioner had no duty to send a notice to the Toronto address because he had no reason whatsoever to believe that it was a *"permanent* address or . . . temporary address of *definite duration."* The Markses concede they never notified the Commissioner that they would use the Toronto address permanently or for any defined period. Indeed, they could not have done so legitimately. To gain their release on a personal surety bond after being indicted on related criminal charges, the Markses agreed that they would not change their South Florida address without advising the district court in writing—which they never did. Moreover, their counsel repeatedly represented to the district court that the Markses remained residents of Florida and that their visits to Canada were merely business trips, and Mr. Marks admitted at trial that the Toronto address was "not our regular address." And although Agent Schwartz did refer to Bloor Street as the Markses' "last known address" after they failed to appear for their criminal trial, he testified that he meant it as "last known whereabouts"—the place to start looking for the fugitives—and the report he wrote states clearly that the Markses had apparently left Toronto. Similarly, the United States Marshals Service also informed the IRS that appellants could not be found at the Bloor Street address. Testimony at trial confirmed that the Markses had in fact left the Bloor Street address at least a month before the deficiency notices were mailed, and there was no evidence that they left a forwarding address.

As for the Michigan address of the Markses' son, nothing in the Markses' administrative file revealed why an extension form was sent there, and we agree with the Tax Court that the Commissioner has no general duty to send notices to taxpayers' relatives. In any event, the extension form was returned to the IRS (albeit after the deficiency notices were mailed) with the Michigan address scratched out and re-

placed by one of the South Florida addresses; we presume a deficiency notice sent to the Michigan address would have met the same fate.

It is quite apparent that the reason the Markses kept the Commissioner—and the government—unapprised of their whereabouts was because they were fugitives from criminal prosecution. To turn around and blame the Commissioner for not finding them runs afoul of this court's developing "chutzpah" doctrine. *See Harbor Ins. Co. v. Schnabel Foundation Co.,* 946 F.2d 930, 937 & n. 5 (D.C.Cir.1991); *Northwest Airlines, Inc. v. Air Line Pilots Ass'n, Int'l,* 808 F.2d 76, 83 (D.C.Cir.1987). We have held that a taxpayer's effort "to obscure the change in his address so as to confound the IRS" is a factor relevant in assessing whether the Commissioner acted properly. *See Crum,* 635 F.2d at 899; *see also Rappaport v. United States,* 583 F.2d 298, 301 (7th Cir.1978) (per curiam) (taxpayer cannot complain about not receiving notice when he moved without leaving a forwarding address and then lived under an assumed name). The Tax Court correctly held that the Commissioner acted with reasonable diligence in mailing deficiency notices to the four South Florida addresses; the Commissioner had no duty to send duplicate notices to every single address of which he had knowledge, especially when he had no reason to believe that any such address was permanent.[1] Appellants failed to file a petition for redetermination within 90 days of that mailing, so the Tax Court had no jurisdiction to consider their claims.[2] Appellants' remaining arguments are without merit.

*Affirmed..*

---

1. Appellants point out that the IRS field manual instructs agents to send duplicate notices of deficiency to "each known address" if "there is any doubt as to what constitutes the [taxpayer's] last known address." Internal Revenue Manual (CCH) § 4462.1(3). It is well-settled, however, that the provisions of the manual are directory rather than mandatory, are not codified regulations, and clearly do not have the force and effect of law. *See, e.g., Pomeroy v. United States,* 864 F.2d 1191, 1194–95 (5th Cir.1989).

2. Of course, the Markses may still contest the merits of the deficiency by paying the taxes in dispute, filing with the IRS for a refund, and suing in a district court or the claims court if a refund is not granted. *See* 26 U.S.C. § 7422(a); 28 U.S.C. § 1346(a)(1).