NORMAN R. FARNHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farnham v. Commissioner
Docket No. 20754-88
United States Tax Court
T.C. Memo 1991-642; 1991 Tax Ct. Memo LEXIS 699; 62 T.C.M. (CCH) 1619; T.C.M. (RIA) 91642; December 26, 1991, Filed *699 Respondent's motion to dismiss for lack of jurisdiction will be granted. Michael Louis Minns, for the petitioner. Michael A. Urban, for the respondent. WHALEN, Judge. WHALEN
MEMORANDUM OPINION This case is before the Court to decide respondent's Motion to Dismiss for Lack of Jurisdiction in which he contends that the petition is untimely as to some, but not all, of the years for which relief is requested therein. Petitioner objects to respondent's motion on the ground that the notices of deficiency for the years covered by respondent's motion were not sent to his "last known address" within the meaning of section 6212(b)(1) of the Internal Revenue Code. Petitioner has not filed a motion seeking dismissal on such basis. Hereinafter, all section references are to the Internal Revenue Code, as amended. Background Petitioner filed a document with the Internal Revenue Service which purports to be a Federal income tax return for calendar year 1976. It consists of pages 1 and 2 of Form 1040, U.S. Individual Income Tax Return, and bears petitioner's social security number and his signature. It states that petitioner's "present home address" is "11419 Valley Stream *700 Dr., Houston, Texas, 77043." It contains the symbols "**" on each line on which a source of income is to be entered. It contains the word "NONE" on each line on which the tax, payments and credits are to be entered. It also contains the following typewritten statements: PETITION FOR REDRESS OF GRIEVANCES: AMENDED RETURN: CERTIFIED MAIL; ALL ATTACHMENTS ARE INTEGRAL PART OF THIS RETURN I offer to amend or file again if you can show me how to do so without waiving my Constitutional rights, especially my 4th and 5th Amendment rights. I DO NOT UNDERSTAND THIS RETURN NOR THE LAWS THAT MAY APPLY TO ME. ** This means that I take specific objection under 4th and 5th Amendment to the U.S. Constitution to the specific question Page 1 of     Pages Note: I did not receive any Constitutional Dollars containing 412.5 grains of Silver. ** This means that specific objection is taken to the specific question on the grounds of the 4th and 5th Amendment of the U.S. Constitution.
There is no evidence that petitioner filed a Federal income tax return, or similar document purporting to be a Federal tax return, for any of the taxable years 1977 through and including 1986. The *701 instant petition was filed on August 10, 1988, and asks for relief with respect to the deficiencies determined by respondent for 12 years, 1975 through and including 1986. Respondent determined tax deficiencies for those years in the following three notices of deficiency: (a) On August 31, 1982, respondent issued a notice of deficiency in which he determined tax deficiencies in petitioner's Federal income tax for 1975 and 1976. He mailed this notice to petitioner by certified mail at each of the following two addresses: (1) 11419 Valley Stream Drive, Houston, Texas 77043; and, (2) 71419 Valley Stream Drive, Houston, Texas 77043. (b) On January 24, 1985, respondent issued a notice of deficiency in which he determined tax deficiencies in petitioner's Federal income tax for 1977, 1978, 1979, 1980, and 1981. He mailed this notice to petitioner by certified mail at each of the following three addresses: (1) 11419 Valley Stream Drive, Houston, Texas 77043; (2) 509 West Trinity, Madisonville, Texas, 77864; and, (3) P.O. Box 113, Madisonville, Texas, 77864. (c) On May 13, 1988, respondent issued a notice of deficiency in which he determined tax deficiencies in petitioner's Federal *702 income tax for 1982, 1983, 1984, 1985, and 1986. He mailed this notice to petitioner by certified mail at the following address: 11419 Valley Stream Drive, Houston, Texas 77043.
With respect to calendar year 1983, Supreme Rubber Products Co., Inc. of Houston, Texas, issued a Form 1099-MISC to petitioner at the following address: "8630 Merlin, Houston, Texas, 77055." The information on this Form 1099-MISC became available to respondent in June or July of 1984. With respect to calendar year 1986, Yokem Nissan, Inc. of Humble, Texas, issued a Form W-2 to petitioner. The form listed petitioner's address as "P.O. Box 7312, Houston, Tx, 77248." The information on this Form W-2 was not available to respondent before he issued the notices of deficiency dated August 31, 1982, and January 24, 1985. Respondent's motion to dismiss does not question the Court's jurisdiction to redetermine the deficiencies in, and additions to, petitioner's income tax for 1982, 1983, 1984, 1985, and 1986. Respondent determined deficiencies and additions for those years in his notice of deficiency mailed on May 13, 1988, less than 90 days before the instant petition was filed on petitioner's behalf. In *703 fact, the parties have agreed on the amount of petitioner's tax liability for those years and they have submitted to the Court a stipulated decision for those years. Discussion Over the course of approximately 6 years, respondent issued three notices of deficiency to petitioner in which he determined deficiencies in petitioner's income tax for the years 1975 through and including 1986. Each of the three notices was mailed to petitioner at "11419 Valley Stream Dr., Houston, Texas, 77043." This is the same address shown on petitioner's purported return for 1976. Respondent has shown that two of the notices of deficiency, i.e., the notices issued on August 31, 1982, and January 24, 1985, were issued more than 90 days prior to the filing of the instant petition, and he asks the Court to dismiss the petition to the extent that it asks for relief with respect to the deficiencies determined in those notices, i.e., deficiencies for taxable years 1975, 1976, 1977, 1978, 1979, 1980, and 1981. It is clear that we have no jurisdiction to redetermine a deficiency set forth in a valid notice of deficiency, unless the taxpayer files a petition for redetermination within 90 days after the notice *704 is mailed, or within 150 days if the notice is addressed to a person outside the United States. Sec. 6213(a). See, e.g., Mollet v. Commissioner, 82 T.C. 618, 629-630 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985). Petitioner objects to respondent's motion to dismiss. He contends that the subject notices of deficiency, i.e., the notices mailed on August 31, 1982, and January 24, 1985, were not mailed to his "last known address" within the meaning of section 6212(b)(1), and he tacitly suggests that the petition must be dismissed on the ground that those two notices of deficiency are invalid. See, e.g., Pyo v. Commissioner, 83 T.C. 626 (1984); see generally Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 372 (1974), affd. 538 F.2d 334 (9th Cir. 1976). In this case, the burden of proving that the subject notices of deficiency were not sent to petitioner's last known address is on petitioner. See Yusko v. Commissioner, 89 T.C. 806, 808 (1987); Mollet, supra at 625; see Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), *705 affd. 538 F.2d 334 (9th Cir. 1976). Petitioner does not deny that he filed the purported return for 1976 or that the subject notices were mailed to the address listed on that document as his "present home address." Petitioner's position is that the purported return for 1976 is "legally invalid * * * a nullity." According to petitioner, respondent could not properly determine petitioner's last known address on the basis of the purported 1976 return, and respondent has committed error in doing so. Petitioner argues that respondent cannot properly use an invalid document to determine his last known address when respondent received notice of a different address for petitioner through valid documents, the Form 1099-MISC issued by Supreme Rubber Products Co. Inc., for calendar year 1983 and the Form W-2 issued by Yokem Nissan, Inc. for calendar year 1986. We disagree. The dispositive issue in this case is whether the subject notices of deficiency were mailed to petitioner's "last known address" within the meaning of section 6212(b)(1). The phrase "last known address" is not defined by the Code or regulations. In construing it, this and other courts have focused on *706 the Commissioner's knowledge, rather than on what may have been the taxpayer's actual address. Pyo v. Commissioner, supra at 633; Brown v. Commissioner, 78 T.C. 215, 218-219 (1982). See also Cyclone Drilling, Inc. v. Kelley, 769 F.2d 662, 664 (10th Cir. 1985). Generally, a taxpayer's "last known address" is the taxpayer's last permanent address or legal residence known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications. Alta Sierra Vista, Inc. v. Commissioner, supra at 374. Stated differently, it is the address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. E.g., United States v. Ahrens, 530 F.2d 781, 785 (8th Cir. 1976); Looper v. Commissioner, 73 T.C. 690, 696 (1980). In Abeles v. Commissioner, 91 T.C. 1019, 1031 (1988), we held that respondent is entitled to treat the address shown on a taxpayer's most recent return as *707 the taxpayer's last known address, absent clear and concise notification of an address change. In this case, we agree with petitioner's contention that the purported return for 1976 does not qualify as an income tax return under the Internal Revenue Code. See generally sections 6011, 6012, and 6072, and the regulations thereunder. This is true because, among other things, the document does not contain sufficient data to calculate petitioner's tax liability for 1976, and it was not an honest and reasonable attempt to satisfy the requirements of the tax law. See, e.g., Beard v. Commissioner, 82 T.C. 766 (1984), affd. 793 F.2d 139 (6th Cir. 1986). Accordingly, we agree that it is a "nullity" in the sense that in applying the substantive and procedural rules set forth in the Internal Revenue Code, petitioner is treated as having failed to file a timely return. E.g., Blount v. Commissioner, 86 T.C. 383 (1986) (period of limitation on assessments set forth in section 6501(a)); Beard v. Commissioner, supra (addition to tax under section 6651(a)(1)). We do not agree with petitioner, however, that the purported *708 return for 1976 cannot be used by the Commissioner in determining petitioner's "last known address." The legal status of the document under the Internal Revenue Code does not change the fact that the purported return is a communication from petitioner in which he states that his "present home address" is "11419 Valley Stream Dr., Houston, Texas, 77043." We believe that respondent was reasonable in concluding from the purported return for 1976 that petitioner wished correspondence to be sent to the address on that purported return. See Abeles v. Commissioner, supra.
Petitioner's argument amounts to a complaint that he filed an incomplete and improper income tax return which made it necessary for respondent to communicate with him and that respondent used the address shown on the document as his "present home address" in communicating with him about that return. It seems to us that this argument runs afoul of the "chutzpah" doctrine referred to by the U.S. Court of Appeals for the District of Columbia Circuit in Marks v. Commissioner, 292 U.S. App. D.C. 117, 947 F.2d 983 (D.C. Cir. 1991) (per curiam). We find that the address shown on petitioner's purported return *709 for 1976 was petitioner's "last known address." Petitioner has also failed to prove that he gave "clear and concise notification" to respondent of a change of address. See, e.g., Abeles v. Commissioner, supra; Monge v. Commissioner, 93 T.C. 22, 31-33 (1989). Petitioner does not allege and has not proven that he filed a tax return or a document purporting to be a tax return for the years 1977 through and including 1986. See Abeles v. Commissioner, supra at 1031-1035. He relies on the Form 1099-MISC issued by Supreme Rubber Products Co., Inc. and the Form W-2 issued by Yokem Nissan, Inc., described above, as the basis for his argument that respondent was notified of a different address from the one used in the notices of deficiency. A taxpayer's last known address is determined at the time the Commissioner mails the notice of deficiency, and the notice is valid even if the Commissioner later receives information showing that the taxpayer resides at a different address. See sec. 6212(b)(1); King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Abeles v. Commissioner, supra at 1035; *710 Monge v. Commissioner, supra at 33. In this case neither the Form 1099-MISC nor the Form W-2 on which petitioner relies was available to respondent prior to August 31, 1982, the date on which he mailed the notice of deficiency for 1975 and 1976. Therefore, neither of those documents could invalidate the address used by respondent when he mailed the notice of deficiency for 1975 and 1976. See Abeles v. Commissioner, supra.Moreover, the Form W-2 was not available to respondent until after January 24, 1985, when the second notice of deficiency was issued. Accordingly, that document could not have notified respondent of a new address for petitioner before respondent mailed either notice. For that reason alone, we need not consider the Form W-2. That leaves only the Form 1099-MISC issued by Supreme Rubber Products Co., Inc., and the issue whether that document gave respondent notice of a change of petitioner's address before he mailed the notice of deficiency dated January 24, 1985. The Form 1091-MISC contains an address different from that on the purported 1976 return, but there is nothing to suggest that petitioner intended it *711 to be used by respondent for all communications. See Alta Sierra Vista, Inc. v. Commissioner, supra.Indeed, the Form 1099-MISC was not even submitted to respondent by petitioner. It was submitted by Supreme Rubber Products Co. Moreover, if we were to hold that respondent was obligated to use the address shown on the Form 1099-MISC, we would not only impose an unreasonable administrative burden on respondent to record every address for every taxpayer, but we would cause uncertainty by requiring respondent to use an address which the taxpayer did not communicate to him and which the taxpayer did not clearly tell respondent to use. See United States v. Zolla, 724 F.2d 808, 811 (9th Cir. 1984). For the above reasons, we find that respondent mailed the notices of deficiency dated August 31, 1982, and January 24, 1985, to petitioner's last known address, and petitioner has failed to prove that either of the notices is invalid. Therefore, we find that the subject petition is untimely and must be dismissed to the extent that it asks for relief with respect to the deficiencies determined for taxable years 1975, 1976, 1977, 1978, 1979, 1980, *712 and 1981. Based upon the foregoing, Respondent's motion to dismiss for lack of jurisdiction will be granted.