983 F.2d 298
 299 U.S.App.D.C. 273
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Reginald A. KAENEL, Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE.
 No. 92-1017.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 28, 1992.
 
 Before SILBERMAN, BUCKLEY and KAREN LECRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States Tax Court and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the order of the United States Tax Court filed October 17, 1991, be affirmed. Appellant failed to file a petition for redetermination within 90 days of the mailing of the deficiency notice, and the tax court is consequently without jurisdiction to consider his claims. See Marks v. Commissioner, 947 F.2d 983, 986 (D.C.Cir.1991) (per curiam). Appellant did not contest, before the tax court, the Commissioner's assertion that the notice of deficiency was properly mailed to him at his last known address, and he may not do so for the first time on appeal. See Singleton v. Wulff, 428 U.S. 106, 120 (1976). To the extent appellant argues that he was unaware, until after dismissal of his petition by the tax court, of the facts surrounding the Commissioner's alleged failure to properly mail the deficiency notice, the proper procedure would have been for appellant to move for reconsideration of the order of dismissal pursuant to Rule 161 of the Rules of Practice and Procedure of the United States Tax Court. We note that dismissal of the petition does not leave appellant without a remedy. As this court noted in Marks, he "may still contest the merits of the deficiency by paying the taxes in dispute, filing with the IRS for a refund, and suing in a district court or the claims court if a refund is not granted." 947 F.2d at 986 n. 2.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.