T.C. Summary Opinion 2002-101

UNITED STATES TAX COURT

DANIEL JOSEPH WHITE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8815-00S.                    Filed August 5, 2002.

Daniel Joseph White, pro se.

<u>William J. Gregg</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1997 Federal income tax of $13,008 and an addition to tax for failure to file timely under section 6651(a)(1) of $562.72. After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to an overpayment based on a claimed credit for an estimated tax payment, and (2) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file a return timely.

Petitioner resided in Virginia Beach, Virginia, at the time he filed the petition. We combine our findings of fact and conclusions for convenience.

Petitioner's 1997 Federal income tax return[2] reflects Kelly K. White (Mrs. White) as petitioner's spouse, her Social Security number, and petitioner's filing status as married filing a joint return. The return also reflects both petitioner's and Mrs. White's total wage income of $94,787, total tax liability of $16,561, total Federal income tax withheld of $14,686, an estimated tax payment of $6,000, and a refund of $4,125. The

---

[1]  The parties agree that there is no deficiency in tax. They further agree that, if petitioner is not entitled to the claimed credit for an estimated tax payment and amount applied from the 1996 return (estimated tax payment) of $6,000, then after taking into account withholding credits and a payment in the amount of $945, the net amount of tax due is $930. Secs. 6211(b)(1), 6651(b)(1).

[2]  See our discussion infra with respect to the addition to tax under sec. 6651(a)(1) where we conclude that the 1997 return was executed and timely filed by petitioner.

return appears to have been signed by petitioner on three separate occasions: April 5, 1998, September 30, 2000, and November 28, 2000. In addition, the 1997 return reflects a stamped date of December 1, 2000, which is the date that respondent's Office of Appeals received the return and which is also purportedly the first date that respondent received the return. Although the return does not reflect Mrs. White's signature, respondent now agrees that petitioner is entitled to joint return filing status.

The notice of deficiency issued to petitioner on July 10, 2000, determined a deficiency in income tax of $13,008 based on petitioner's individual income of $64,704. The notice of deficiency was issued based on respondent's determination that petitioner did not file a return for 1997. Respondent now agrees that the 1997 return submitted by petitioner is correct, except to the extent that petitioner has claimed a credit for an estimated tax payment. Respondent asserts that petitioner did not file a return for the 1997 taxable year until December 1, 2000.

Petitioner alleges that he is owed a refund of $4,125 because he "rolled over" an estimated tax payment and amount applied from 1996 of at least $6,000 from a prior tax year. He explained at trial that he mailed a payment of $945 with the 1997

return because "that's the amount I would have owed if they didn't give me credit for the $6,000."

When a notice of deficiency is issued to a taxpayer determining a deficiency, and a timely petition has been filed, we have jurisdiction to take into account payments and credits to decide the proper amount of the deficiency or overpayment. Sec. 6512(b); Naftel v. Commissioner, 85 T.C. 527, 531 (1985). Accordingly, we review the record of such payments to properly consider petitioner's claim.

Generally, the burden of proof is on petitioner. Rule 142(a)(1). The burden of proving facts relevant to the deficiency may shift to the Commissioner under section 7491 if the taxpayer establishes compliance with the requirements of section 7491(a)(2)(A) and (B) by substantiating items, maintaining required records, and fully cooperating with the Secretary's reasonable requests. Section 7491 also places the burden of production upon the Secretary with respect to additions to tax. Sec. 7491(c). Section 7491 is effective with respect to court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of its enactment by section 3001(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, 726. See Higbee v. Commissioner, 116 T.C. 438 (2001).

It is not clear from the record when respondent commenced the audit of petitioner's return; however, petitioner has not alleged that section 7491 is applicable to this case. Even if section 7491 were to apply, we would decide this case without regard to the burden of proof.

Respondent sent petitioner a letter dated March 4, 1996, stating that there was an overpayment of tax and that petitioner was owed a refund of $2,318 with respect to the 1995 taxable year that respondent applied to reduce (but not eliminate) petitioner's income tax liability for the 1992 taxable year. A Notice of Levy on Wages, Salary, and Other Income dated October 2, 1996, that respondent issued to petitioner's employer provides that petitioner had an unpaid balance of assessed taxes for the 1992 taxable year.

Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for the 1992, 1993, and 1994 taxable years do not reflect an overpayment made by or a credit owed to petitioner. Petitioner's return and Form 4340 for the 1995 taxable year both reflect an income tax of $3,594 and a withholding credit of $5,912. Form 4340 for 1995 reflects that an overpayment credit of $2,318 was transferred to petitioner's 1992 taxable year. Petitioner's Federal income tax return[3] and

---

[3] The return for the 1996 taxable year was also jointly filed.

Form 4340 for the 1996 taxable year both reflect an income tax of $10,838 and a withholding credit of $12,544, resulting in a refund to petitioner of $1,706.  The transcript of account for the 1996 taxable year reflects a refund of $1,706, plus interest, that was paid to petitioner on April 23, 2001.[4]

Petitioner's uncorroborated and vague testimony regarding his claimed credit for an estimated tax payment of $6,000 is not credible.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). A review of petitioner's most recent returns and records does not support his testimony, and there is no indication that petitioner is entitled to an overpayment or credit.  We conclude that petitioner has not made an overpayment and is not due a refund for the 1997 taxable year.

The next issue for decision is whether petitioner is liable for an addition to tax under section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax on the failure to file timely any return required to be filed, unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  Section 6011(a) provides that a taxpayer who is required to make a return shall do so "according to the forms and regulations prescribed by the Secretary.  Every person required

---

[4]  When a taxpayer elects to have an overpayment refunded to him, he may not change his election to have the overpayment applied as a payment on account of his estimated income tax. Sec. 301.6402-3(d), Proced. & Admin. Regs.

to make a return or statement shall include therein the information required by such forms or regulations." In <u>Beard v. Commissioner</u>, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986), the Court determined that the test for the sufficiency of a return for the purpose of section 6651(a)(1) is as follows:

> First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury.

A taxpayer's failure to attach a Form W-2 to the return "does not prevent the calculation of tax liability." <u>Blount v. Commissioner</u>, 86 T.C. 383, 387 (1986).

Respondent claims that petitioner did not file a return until December 1, 2000, which is after respondent issued the notice of deficiency. Respondent has recalculated the addition to tax under section 6651(a)(1) as 25 percent of the net amount of tax due of $930, which is $233. See sec. 6651(b)(1).

Petitioner testified that he timely filed the return for the 1997 taxable year. Petitioner points to a letter respondent sent to petitioner and Mrs. White dated May 30, 2000, to support his position. This letter provides, in part, as follows:

> We received your Dec. 31, 1997 federal individual income tax return, but we need more information to process the return accurately. * * *

> We need a form with information that supports the entry of

$14,686.00 on line 57 * * *. It could be Form W-2 (for wage income), Form W-2G (for gambling winnings), or Form 1099-R (for pension income). * * *

Your return doesn't show your signature(s). Please sign the declaration below and note the additional requirements that may apply to you:

1. If this is a joint return, both husband and wife must sign the declaration.

Petitioner concedes that the return lacked Mrs. White's signature, but he asserts that he signed the return on April 5, 1998. Respondent has failed to explain this letter and his position that no return was filed until December 1, 2000. Based on this record we find that the return received by respondent as acknowledged in the letter dated May 30, 2000, contained petitioner's signature. Moreover, petitioner's failure to attach a Form W-2 to the return does not render the return insufficient. Blount v. Commissioner, supra at 387.

Petitioner signed a copy of the original return a second time on September 30, 2000, and a third time on November 28, 2000. He testified that he re-signed the return either at the request of respondent's revenue agent who had been conducting the audit of petitioner's prior returns, or in response to a letter sent by respondent informing petitioner that the return required an original signature. We note that the revenue officer acknowledged receipt of petitioner's 1992 and 1993 returns by letter dated March 19, 1997; however, this letter does not acknowledge petitioner's 1997 return. Petitioner appears to have

included the same cover letter with each of the re-signed copies of the return because the cover letter appears to have been signed on September 30, 2000, and November 28, 2000. We are not persuaded that the additional signatures on the return are evidence that petitioner filed his return untimely.

We note that respondent received petitioner's check of $945 in April 1998, as reflected on Form 4340 and the transcript of account for the 1997 taxable year. Respondent's receipt of this check supports petitioner's claim of timely filing of the 1997 return.

Petitioner obtained a 4-month extension for timely filing the 1997 return. Although petitioner had no recollection at trial of filing the request for the extension, he explained that he normally filed a request for an extension as a matter of course. While we recognize that petitioner's request for an extension of time might suggest that the return was filed after April 15, 1998, other facts in the record, as previously discussed, persuade us that the 1997 return was, in fact, timely filed. Accordingly, petitioner is not liable for an addition to tax for failure to file timely under section 6651(a)(1).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.