T.C. Summary Opinion 2021-39

UNITED STATES TAX COURT

JAMES FORREST WILLETTS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19160-19S.                                  Filed November 22, 2021.

James Forrest Willetts, pro se.

<u>Gretchen W. Altenburger</u> for respondent.

SUMMARY OPINION

KERRIGAN, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

Respondent determined for 2014 a deficiency of $17,010 and additions to tax of $430 pursuant to section 6651(a)(1) and of $478 pursuant to section 6651(a)(2). After concessions petitioner's tax liability for 2014 is $13,545. Payments on petitioner's 2014 account total $15,098, resulting in an overpayment of $1,553. The sole issue for consideration is whether petitioner is entitled to receive an overpayment credit or refund of $1,553.

Background

Some of the facts have been stipulated and are incorporated in our findings by this reference. Petitioner resided in Colorado when he timely filed his petition.

Petitioner timely filed a request for an extension of time to file his 2014 Federal income tax return, extending the due date from April 15, 2015, to October 15, 2015. Along with the extension request filing, petitioner submitted a payment of $8,000 for his 2014 tax liability. Petitioner did not file a return by the extended October 15, 2015, due date.

Petitioner mailed Form 1040, U.S. Individual Income Tax Return, to respondent on April 14, 2018. Respondent documented a Form 1040 for 2014 in his internal records on May 2, 2018, but rejected it as a return because of potential identity theft.

Respondent notified petitioner by letter that his Form 1040 was rejected because of concerns about potential identity theft. Petitioner did not submit to respondent any documentation disputing the potential identity theft; and it is unclear whether petitioner was aware of the issue or the rejection of his Form 1040 before commencing this case.

On July 29, 2019, respondent's automated underreporter unit issued to petitioner a notice of deficiency (notice) with regard to his 2014 tax liability; the notice also indicated that petitioner had not filed a return for 2014. After receiving the notice, petitioner submitted a copy of a Form 1040 for 2014, which respondent accepted insofar as it reports adjusted gross income.

## Discussion

Pursuant to section 6402, in the event of an overpayment, a taxpayer may recoup the balance of the overpayment--less any outstanding liabilities--in the form of a credit or a refund. To receive a credit or a refund for an overpayment, section 6511(b)(1) provides that the taxpayer must file a claim within the period of

limitation set forth in section 6511(a).  A claim may be embedded within a tax return, in which case filing of the return and the claim are concurrent.  Sec. 301.6402-3(a)(5), Proced. & Admin. Regs.  Section 6511(a) specifies that the taxpayer must submit a claim by the later of:  (1) three years from the time the relevant return is filed, or (2) two years from the time the tax was paid.

For the purposes of section 6511(a) the three-year period of limitation begins on the filing due date, including extensions for filing, of the relevant return.  If the taxpayer files a return within this three-year period, then a claim filed within the same period is timely, regardless of whether the return was timely filed.  Weisbart v. U.S. Dep't of Treasury, 222 F.3d 93, 95 (2d Cir. 2000) ("[A] timely filed return is no longer required in order to satisfy the three-year deadline of section 6511(a).").

Petitioner seeks an overpayment credit or refund for his 2014 tax account. Respondent does not dispute that there was an overpayment for 2014; rather, respondent contends that petitioner failed to file a claim within the period of limitation.  The filing due date for petitioner's 2014 return was October 15, 2015. Therefore, petitioner is entitled to a credit or refund for an overpayment so long as he filed his 2014 return and claim by October 15, 2018.

On April 14, 2018, petitioner mailed Form 1040 for 2014, claiming an overpayment, which respondent recorded as received on May 2, 2018. The Form 1040, however, was not filed and was instead rejected by respondent as a return that may have been the result of potential identity theft. Respondent contends that petitioner did not file a return for 2014 until after July 29, 2019, when petitioner submitted a copy of his 2014 Form 1040. On October 24, 2019, respondent accepted the Form 1040 insofar as it reported adjusted gross income. On November 5, 2019, respondent prepared a substitute for return for 2014. At issue here is whether the Form 1040 petitioner mailed to respondent on April 14, 2018, constitutes a properly filed return.

To determine whether a return was properly filed, the submitted document needs to be a required return that the taxpayer has properly filed. See Appleton v. Commissioner, 140 T.C. 273, 284 (2013). When assessing whether a document is a return, this Court generally relies on the test articulated in Beard v. Commissioner, 82 T.C. 766 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986). Under the Beard test a document is a return for statute of limitations purposes if: (1) there is sufficient data to calculate a tax liability, (2) the document purports to be a return, (3) there is an honest and reasonable attempt to satisfy the requirements of the tax law, and (4) the taxpayer executed the document under penalties of perjury. Id.

at 777. The Form 1040 that petitioner mailed April 14, 2018, satisfies the requirements of the Beard test and therefore constitutes a valid return. Furthermore, respondent does not challenge petitioner's assertion that the Form 1040 was a return; rather, respondent argues that the return and the embedded claim were not filed within the relevant period of limitation.

A return is considered filed when it is "delivered, in the appropriate form, to the specific individual or individuals identified in the Code or Regulations." Allnutt v. Commissioner, 523 F.3d 406, 413 (4th Cir. 2008), aff'g T.C. Memo. 2002-311; see also sec. 7502 (implicitly equating filing with delivery). A valid return is deemed filed on the day it is delivered, regardless of whether it is accepted by the Commissioner. See Blount v. Commissioner, 86 T.C. 383, 387 (1986) (holding that the period of limitation begins to run when a valid return is delivered to the Commissioner, whether or not accepted). Respondent's records indicate that petitioner's Form 1040 was received by May 2, 2018. The Form 1040 petitioner mailed to respondent on April 14, 2018, is therefore deemed to have been filed on or before May 2, 2018.

Petitioner's 2014 return was due October 15, 2015, meaning the three-year period of limitation expired on October 15, 2018. See sec. 6511(a). The Form 1040 petitioner mailed on April 14, 2018, was delivered, and therefore filed, by

May 2, 2018.  The claim embedded in the return was filed concurrently.  The return and the embedded claim were thus both filed before the three-year period of limitation expired on October 15, 2018.  Petitioner is entitled to receive an overpayment credit or refund of $1,553.

To reflect the foregoing,

Decision will be entered under

Rule 155.