Diane WILLIAMS, Petitioner–Appellant,

v.

COMMISSION INTERNAL REVENUE SERVICE, Respondent–Appellee.

No. 89–70527.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 1991.

Decided June 11, 1991.

Joseph F. Moore, Bigelow, Moore & Tyre, Pasadena, Cal., for petitioner-appellant.

John Dudeck, Gary R. Allen, Gilbert S. Rothenberg, and Janet Kay Jones, U.S. Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

Before GOODWIN, HUG, and FARRIS, Circuit Judges.

HUG, Circuit Judge:

Appellant Diane Williams ("Williams") appeals the Tax Court's dismissal of her petition for redetermination of a deficiency in income tax. The dismissal was based upon a finding by the Tax Court that the petition was untimely and, therefore, the Tax Court had no jurisdiction. We have jurisdiction pursuant to 26 U.S.C. § 7482.

There is no question but that the petition was not filed within the prescribed period from the date the notice of deficiency was sent. Williams contends, however, that the time for filing the petition for redetermination did not commence to run because the notice of deficiency was not received by her and was not sent to her last known address. A notice of deficiency is valid if it is mailed to the taxpayer's last known address even if it is not received by the taxpayer. *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir.), *cert. denied*, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). "A taxpayer's last known address is that on his most recent return, unless the taxpayer communicates to the IRS 'clear and concise' notice of change of address." *Id.* (citations omitted).

Prior to the mailing of the notice of deficiency, Williams had filed a tax return showing a new address. The tax return was filed on or before April 15, 1987,[1] however, it had not yet been processed by the IRS so as to be available through a computer inquiry to the agent who sent the notice of deficiency at the time that notice was sent on June 17, 1987.

Williams contends that the mere filing of the 1986 tax return with the new address indicated thereon constitutes adequate notice of the change of address, relying upon our decision in *King v. Commissioner*, 857 F.2d 676 (9th Cir.1988). In *King*, we reiterated this circuit's rule that a subsequently filed tax return with a new address gives the IRS notice of a change of address. *Id.* at 680. However, we did not specify when, after the filing of a return, the IRS is deemed to have notice of the change of address. In *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir.1982), we acknowledged that "[i]t is a question of fact as to what knowledge the IRS acquires concerning the taxpayer's address."

In applying the law of this circuit, the Tax Court, in *Abeles v. Commissioner*, 91 T.C. 1019 (1988), set forth a general rule in determining the "last known address" in these cases. The court stated:

> [A] taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless [the Commissioner] has been given clear and concise notification of a different address.... [A] taxpayer's "most recently filed return" is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to [the Commissioner's] agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return.... [T]he address from the more recently filed return is *available* to the agent issuing a notice of deficiency with respect to a previously filed return, if such address could be obtained by a computer generation of an IRS computer transcript using the taxpayer's TIN in the case of a separately filed return....

*Id.* at 1035 (emphasis in original) (footnote references omitted).

In this case, the Tax Court determined that the reasonable business requirements of the IRS necessitated time for processing

---

**1.** A tax return filed prior to the last day provided for filing is considered to be filed on such last day. 26 U.S.C. § 6501(b)(1).

the filed return through its computer facilities in order for the new address to be "available" to agents sending notices of deficiency. Thus, before the change of address is considered "available" to the agent sending the notice of deficiency, a reasonable amount of time must be allowed to process and transfer the information to the IRS's central computer system. The Tax Court found that the lapse of time between the date of the filing of the return and the date the notice of deficiency was sent did not exceed a reasonable time for processing the information. Thus, it held that the change of address was not "available" to the agent.

This ruling does involve a hiatus in which a taxpayer has notified the IRS of a change in address by the filing of a tax return, yet the IRS is deemed not to have knowledge of the change while it is being placed in an accessible computer data base. This is a practical operational necessity. Appropriate notification to the post office by the taxpayer to forward mail to the taxpayer's new address would avoid notification problems during this period.

We review the determination by the Tax Court of the taxpayer's "last known address" for clear error. *See King*, 857 F.2d at 678–79. Under the circumstances of this case, we conclude that the Tax Court's determination that the change of address was not reasonably available to the agent sending the notice of deficiency was not clearly erroneous; and, therefore, that the notice of deficiency was sent to the last known address. Consequently, the filing of the petition for review was untimely and the judgment of the Tax Court must be affirmed.

AFFIRMED.