962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David BLEAVINS, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70507.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992*
Decided May 11, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Bleavins appeals the tax court's decision dismissing his petition for redetermination of tax deficiency for tax years 1982 through 1986. The tax court dismissed the petition for lack of jurisdiction because Bleavins had not filed his petition within 90 days of the issuance of the notice of deficiency. Bleavins contends that the notices of deficiency were not valid because they were not mailed to his last known address. We have jurisdiction pursuant 26 U.S.C. § 7482(a) and affirm.
 
 
 3
 We review the issue of whether a notice of deficiency was mailed to a taxpayer's last known address under the clearly erroneous standard. King v. Commissioner, 857 F.2d 676, 678-79 (9th Cir.1988). "[T]he 'last known address' inquiry requires an examination of the totality of the circumstances and a balancing of many relevant factual elements, factors which indicate that the inquiry is 'essentially factual.' " Id. at 679.
 
 
 4
 A notice of deficiency is valid if it is mailed to the taxpayer's last known address, even if it is not received by the taxpayer. 26 U.S.C. § 6212(a); Williams v. Commissioner, 935 F.2d 1066, 1067 (9th Cir.1991). The Commissioner of Internal Revenue ("Commissioner") must exercise reasonable diligence in ascertaining taxpayer's correct address. King, 857 F.2d at 679. A taxpayer's last known address is that on his or her most recent return, unless the taxpayer communicates to the IRS clear and concise notice of change of address. Williams, 935 F.2d at 1067. "Correspondence bearing an address different from that on the most recent return does not, by itself, constitute clear and concise notice of change of address." King, 857 F.2d at 681. A notice of deficiency is valid if it is actually received in sufficient time for the taxpayer to file a timely petition in tax court, regardless of the address to which it was sent. Id. at 679 n. 4; Mulvania v. Commissioner, 769 F.2d 1376, 1378 (9th Cir.1985); Clodfelter v. Commissioner, 527 F.2d 754, 757 (9th Cir.1975); cert. denied, 425 U.S. 979 (1976).
 
 
 5
 Here, on August 2, 1989, the Commissioner mailed by certified mail duplicate notices of deficiency for tax years 1982 through 1986 to Bleavins at 4945 Melwood Avenue, Decatur, Illinois 62521 and 4945 East Melwood Avenue, Decatur, Illinois 62521 (collectively "the Melwood address"). The Melwood address is the home of Bleavins's brother and sister-in-law, Mark and Cindy Bleavins. The return receipt cards were signed "Cindy Bleavins" and indicate that the notices were actually received at the Melwood address. Bleavins alleges that Cindy Bleavins is hostile to him and never delivered the notices to him. Bleavins contends that his address as of the date of the mailing of the notices was 1341 Ocean Avenue, # 324, Santa Monica, California 90401.[1]
 
 
 6
 Bleavins's most recent return was his 1981 return, filed on June 14, 1982, and it listed his address as 280 Lisa Drive, Decatur, Illinois 62526. Between June 14, 1982 and August 2, 1989, the Internal Revenue Service ("IRS") corresponded with Bleavins at the Melwood address, as recently as May 8, 1989. Further, Bleavins used the Melwood address in correspondence with an IRS disclosure agent in September, October, and November of 1989, after the mailing of the notices of deficiency.
 
 
 7
 Here, the notices of deficiency were not mailed to Bleavins at the address listed on his most recently filed tax return, the 1981 tax return filed June 14, 1982. See King, 857 F.2d at 679. Thus, our inquiry is whether the notices were properly mailed to Bleavins's "last known address" as determined by the Commissioner through the exercise of reasonable diligence, and whether Bleavins clearly and concisely notified the Commissioner of any change in address. See id.
 
 
 8
 Bleavins contends that the Commissioner did not exercise reasonable diligence to determine his current address. Bleavins argues that his California address was readily available to the Commissioner in the telephone directory. Bleavins also contends that an IRS agent sent a letter to his address in Beverly Hills on March 5, 1986, indicating that the IRS knew that his last known address was in California. In his replies to this letter, however, Bleavins listed the Melwood address as his address. In other correspondence with the IRS, dated May 8, 1989, just three months before the notices of deficiency were sent, Bleavins listed the Melwood address as his address. Further, after the notices of deficiency were issued, Bleavins corresponded with an IRS agent from the Melwood address.
 
 
 9
 While an address on correspondence alone is insufficient to establish a change of address, here, Bleavins used the Melwood address repeatedly in his correspondence with the IRS over the course of several years. See King, 857 F.2d at 681. Significantly, Bleavins used the Melwood address in correspondence dated three months prior to the mailing of the notices of deficiency, and one month after. Given the totality of the circumstances, we find no clear error in the tax court's determination that the Commissioner, in the exercise of reasonable diligence, mailed the notices to Bleavins's last known address. See id. at 679.
 
 
 10
 Bleavins contends that 1099 forms filed by his bank and employer in 1985 through 1989, prior to the mailing of the notices of deficiency, and listing Bleavins's California address constituted clear and concise notice of his change of address. This contention lacks merit. To be valid, clear and concise notice of a taxpayer's change of address must come "from the taxpayer." King, 857 F.2d at 679, quoting Alta Sierra Vista Inc. v. Commissioner, 62 T.C. 367, 374 (1974), aff'd mem. 538 F.2d 334 (9th Cir.1976); see Williams, 935 F.2d at 1067 ("[T]axpayer's last known address is that on his most recent return, unless the taxpayer communicates to the IRS 'clear and concise' notice of change of address.") (quotations omitted) (emphasis added). The 1988 forms were filed by third persons, not by Bleavins. Thus, these forms do not constitute clear and concise notice by Bleavins of his change of address. See Williams, 935 F.2d at 1067; King, 857 F.2d at 679. Accord Olsen v. United States, 694 F.Supp. 1484 (D.Or.1988); Farnham v. Commissioner, 62 T.C.M. (CCH) 1619 (1991).
 
 
 11
 Bleavins also contends that, prior to the mailing of the notices of deficiency, he filed tax returns for tax years 1987, 1988, and 1989 bearing his California address. As evidence of this, Bleavins introduced his personal copies of 1040 forms for these years. If filed, these returns would constitute notice of change of address. See King, 857 F.2d at 679. There is no evidence, however, to support Bleavins's contention that these returns were in fact filed. Bleavins also failed to produce evidence that he paid his tax liabilities for these years. Thus, the tax court correctly found that Bleavins had not filed these returns and, accordingly, had not given the IRS clear and concise notice of his change of address. See id.
 
 
 12
 The tax court's determination that the notices of deficiency were mailed to Bleavins's last known address was not clearly erroneous. See King, 857 F.2d at 679. The petition was clearly filed beyond the 90-day period. See 26 U.S.C. § 6213(a), (c). Accordingly, we affirm the tax court's dismissal of Bleavins's petition for lack of jurisdiction. See Williams, 935 F.2d at 1067.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bleavins contends that he has lived and worked in California since 1985, first in Beverly Hills, then in Santa Monica