967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert F. LONNEKER; Arleen Lonneker, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35860.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 2, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert and ArLeen Lonneker appeal pro se the district court's summary judgment in their action seeking to quiet title to property upon which the Internal Revenue Service ("IRS") had liens. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 The Lonnekers filed suit in district court to quiet title to property that was subject to IRS liens in order to satisfy federal tax assessments for tax years 1979 and 1980. The Lonnekers contend that the liens are invalid because the assessments were not properly made and they were not sent notice of the assessments at their last known address. The district court found that with respect to one claim, the Lonneker's quiet title action was in reality a suit for refund and was time-barred. The district court granted summary judgment on the remaining claims in the quiet title action, finding that the liens were valid because the IRS properly assessed the Lonnekers and complied with the notice and demand requirements.[1]
 
 
 4
 Under 28 U.S.C. § 2410, the United States may be joined as a party to a quiet title action affecting property upon which it claims a lien. Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). A taxpayer cannot challenge the merits of an assessment in a section 2410 action. Id. Nevertheless, section 2410 serves as a waiver of sovereign immunity to the extent that a taxpayer challenges the procedural validity of an assessment. Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991). A taxpayer can only bring a section 2410 action if, at the time the action is commenced, the government still claims a lien or a mortgage on the property. Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992).
 
 
 5
 * Assessments
 
 
 6
 The Lonnekers contend that the IRS failed to establish that the assessments were properly made pursuant to 26 U.S.C. § 6203. The IRS submitted Certificates of Assessments and Payments (Form 4340) as proof of the fact that the assessments were actually made. Form 4340 is admissible evidence that a valid assessment has been made. See Hughes, 953 F.2d at 535, 540. The Lonnekers failed to present evidence to rebut the validity of the assessment.[2] See id. at 535. Accordingly, we affirm the district court's conclusion that valid assessments were made. See id.
 
 II
 Notices of Assessment
 
 7
 The Lonnekers contend that the liens were procedurally invalid because the IRS did not send notice of the assessments and demand for payment to their last known address. A notice of assessment must be sent to the taxpayer's last known address to be valid. 26 U.S.C. § 6303. A taxpayer's last known address is that on his or her most recent tax return, unless the taxpayer communicates to the IRS clear and concise notice of change of address. Williams v. Commissioner, 935 F.2d 1066, 1067 (9th Cir.1991). "In order to supplant the address on his/her most recent return, the taxpayer must clearly indicate that the former address is no longer to be used." King v. Commissioner, 857 F.2d 676, 681 (9th Cir.1988).
 
 
 8
 Here, the Lonnekers most recent tax return, their 1981 return, listed their address as 610 South Palouse, Walla Walla, Washington. On January 19, 1983, the IRS sent notices of deficiency for tax years 1979 and 1980 to the Lonnekers at the Walla Walla address. On February 15, 1985, the IRS mailed notices of assessment and demand for payment for tax years 1979 and 1980 to the Lonnekers at the Walla Walla address. In January 1983, the Lonnekers moved to 334 Lakeside Avenue, Seattle, Washington.
 
 
 9
 It is undisputed that the Lonnekers did not file a tax return with their new address after they moved but before the mailing of the notices of assessment. See Williams, 935 F.2d at 1067. The Lonnekers contend that, nevertheless, they gave the IRS clear and concise notice of their change of address when they filed a petition for redetermination of deficiencies for tax years 1979 and 1980 in tax court on April 15, 1983. They contend that because the notices of assessment were based on the denial of their petition for redetermination, the IRS had notice of their new address prior to mailing the notices of assessment and should have mailed them to their Seattle address. Although the petition for redetermination listed their Seattle address, it did not clearly indicate that the Walla Walla address should no longer be used. See King, 857 F.2d at 681. Further, the petition for redetermination was filed in tax court, and the information contained in the petition cannot be imputed to the audit division of the IRS. See United States v. Zolla, 724 F.2d 808, 810-11 (9th Cir.) (address information known to agent in collection division of IRS will not be imputed to audit division), cert. denied, 469 U.S. 830 (1984). Thus, the district court correctly determined that the Lonnekers had failed to provide clear and concise notice of change of address to the IRS. See Williams, 935 F.2d at 1067. Accordingly, the IRS properly sent the notices of assessment to the Lonnekers at the Walla Walla address. See id.[3]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Lonnekers also brought claims for wrongful disclosure and injunctive relief, which the district court dismissed. The Lonnekers do not raise these issues in their opening brief. Accordingly, these issues are deemed waived. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)
 
 
 [2]
 The IRS also submitted the declaration of an IRS employee as supporting evidence explaining the 4340 Forms and establishing the assessments. The Lonnekers then submitted a declaration from their expert, who disputed the meaning and validity of the 4340 Forms. The district court correctly held that the Lonneker's expert failed to raise a triable issue of fact regarding the making of the assessments. Instead, the Lonneker's expert disputed the legal sufficiency of the Forms to establish the assessments were made. Our analysis in Hughes is controlling on this issue. See 935 F.2d at 535
 
 
 [3]
 The Lonnekers contend that the district court erred by finding that their section 2410 action was in reality a refund action. This contention appears to be based on a misunderstanding of the district court's disposition of their action. The district court found that one of the claims raised by the Lonnekers was in reality a refund action. This claim involved $12,531.85 which was collected by the IRS in 1984. The Lonnekers do not raise any arguments regarding this claim in their brief on appeal. Accordingly, it is deemed waived. See Wilcox, 848 F.2d at 1008 n. 2. The district court addressed the merits of the rest of the claims in their section 2410 action