967 F.2d 597
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick Wayne WOODS, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70588.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 2, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Wayne Woods appeals pro se the tax court's dismissal for lack of jurisdiction of his petition for a redetermination of tax deficiency for tax year 1983. The tax court found that Wood's petition was not timely filed, depriving the court of jurisdiction. We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and affirm.
 
 
 3
 There is no dispute that Woods's petition for redetermination was untimely. Rather, Woods contends that the time for filing the petition for redetermination never commenced to run because the IRS did not send notice of the deficiency to his "last known address" at the prison where he was incarcerated.
 
 
 4
 The Internal Revenue Service ("IRS") must give notice to the taxpayer before it may assess or collect any tax deficiency. 26 U.S.C. § 6213(a). A notice of deficiency is valid if it is mailed to the taxpayer's "last known address." 26 U.S.C. § 6212(b)(1); King v. Commissioner, 857 F.2d 676, 679 (9th Cir.1988). "A taxpayer's last known address is that on his most recent return, unless the taxpayer communicates to the IRS 'clear and concise' notice of change of address." Williams v. Commissioner, 935 F.2d 1066, 1067 (9th Cir.1991) (citations omitted). We review the determination by the tax court of the taxpayer's "last known address" for clear error. Id. at 1068.
 
 
 5
 Here, the IRS sent notice of the deficiency by certified mail to the address on Woods's most recent tax return filed in 1985. There is no evidence that, subsequent to the 1985 filing and prior to the mailing of the deficiency, Woods had notified the IRS that he was no longer at the 1985 listed address or that information should be mailed to him at the prison where he was incarcerated. Under these circumstances, the tax court did not err by finding that notice of Wood's tax deficiency was mailed to his last known address as required by the statute. See Williams, 935 F.2d at 1067.
 
 
 6
 Moreover, even if the IRS had erred by not sending notice of the deficiency to the prison where Woods was incarcerated, Woods has not demonstrated prejudicial delay. See McKay v. Commissioner, 886 F.2d 1237, 1239 (9th Cir.1989) (if the IRS mailing results in actual notice to the taxpayer, without any prejudicial delay, it meets the statutory requirements set out under section 6212(a) regardless of where the notice was sent).
 
 
 7
 Here, Woods was involved in bankruptcy proceedings at the time that the IRS mailed him notice of the deficiency. These proceedings stayed the statutory period for filing a petition for redetermination in tax court until the bankruptcy proceedings were dismissed. See 11 U.S.C. § 362(a)(8). Woods contends that he received actual notice of the tax deficiency through his wife, several months after is was originally mailed in 1987. Accordingly, when the bankruptcy proceedings were dismissed in February 1989, Woods had a full 90-day period to petition the tax court for redetermination of his deficiencies. Because Woods received "actual notice" of his tax deficiency sufficiently prior to the running of the statutory period, he cannot successfully allege prejudicial delay as the result of any alleged inadequacy in the IRS notice procedures.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3