988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William C. BLANKSTYN, Plaintiff-Appellant,
v.
UNITED STATES, Defendant-Appellee.
 No. 91-16625.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-91-00452-CAM; C.A. Muecke, District Judge, Presiding.
 D.Ariz.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William C. Blankstyn appeals pro se the district court's dismissal of his action seeking injunctive relief and damages in connection with the Internal Revenue Service's (IRS) levy on his wages to collect taxes assessed against Blankstyn for tax year 1985. Blankstyn also appeals the district court's denial of his Fed.R.Civ.P. 59(e) motion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part and remand.
 
 I. Background
 
 3
 Blankstyn filed a complaint in district court seeking to enjoin the IRS from levying on his wages and seeking damages for wrongful disclosure of return information. Blankstyn alleged that he never received a notice of deficiency for tax year 1985, and that the assessment was not properly made and recorded. Blankstyn alleged that the IRS's collection of taxes assessed for 1985 was therefore unlawful. Blankstyn sought a temporary restraining order, preliminary injunction, and permanent injunction to prevent the IRS from levying on his wages to collect the 1985 tax assessment. Blankstyn also alleged that because the assessment was procedurally improper, the IRS's disclosure of return information in connection with the wage levy violated 26 U.S.C. § 7431. Blankstyn sought damages for wrongful disclosure of return information and an injunction to prevent further wrongful disclosures.
 
 
 4
 On April 19, 1991, the district court held a hearing on plaintiff's request for a preliminary injunction. At the conclusion of the hearing, the district court issued a preliminary injunction effective for 10 days and ordered supplemental briefing. On April 30, 1991, the district court issued an order (1) consolidating the motion for preliminary injunction with the trial on the merits, (2) treating the motion for preliminary injunction as a motion for permanent injunction, (3) denying the injunction, (4) granting judgment for the United States, and (5) dismissing the action.
 
 II. Injunction
 
 5
 The district court found that Blankstyn's claim for injunctive relief was barred by the Anti-Injunction Act ("Act"), 26 U.S.C. § 7421(a). The Act prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." Id. The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984); see also Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974). Thus, ordinarily taxpayers are limited in district court "to suits for refund." United States v. Condo, 782 F.2d 1502, 1506 (9th Cir.1986).
 
 
 6
 There are several statutory exceptions and one judicial exception to the Act. See 26 U.S.C. §§ 6212(a), (c), 6213(a), 6672(b), 6694(c), 7426(a), (b)(1), 7429(b); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). Under the judicial exception announced in Enochs, injunctive relief is available if the taxpayer can demonstrate that (1) under no circumstances could the government prevail, and (2) the taxpayer will be irreparably harmed if the injunction is not granted. Id.; see also Condo, 782 F.2d at 1506.
 
 
 7
 Blankstyn contends that he never received a notice of deficiency for tax year 1985 prior to the assessment and levy, and, therefore, his claim for injunctive relief was permitted by section 6213. This contention lacks merit.
 
 
 8
 Section 6213 provides that no assessment of a tax shall be made and no proceeding for collection shall begin until 90 days after the mailing of a notice of deficiency pursuant to section 6212. Section 6213 further provides: "[n]otwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."
 
 
 9
 A notice of deficiency is valid if it is mailed to the taxpayer's last known address, even if it is never received by the taxpayer. Williams v. Commissioner, 935 F.2d 1066, 1067 (9th Cir.1991); King v. Commissioner, 857 F.2d 676, 679 (9th Cir.1988); Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir.1982). A postal form certifying that a notice of deficiency has been mailed is sufficient, in the absence of contrary evidence, to establish that the notice was properly mailed. United States v. Zolla, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830 (1984).
 
 
 10
 Here, the IRS alleged that it properly mailed Blankstyn a notice of deficiency for tax year 1985. To support this claim, the IRS submitted (1) a copy of Blankstyn's notice of deficiency for tax year 1985, dated March 26, 1990 and properly addressed to Blankstyn at his last known address, (2) the certified mailing list of notices of deficiency sent by the Ogden Service Center on March 26, 1990 (Form 3624), which listed the certified mail number for Blankstyn's notice, and (3) a copy of the envelope in which the notice was mailed, returned marked "unclaimed" by the post office. Given this evidence, the district court correctly found that the IRS had established that it had properly mailed the notice of deficiency to Blankstyn. See Williams, 935 F.2d at 1067; Zolla, 724 F.2d at 810. Further, the district court correctly found that Blankstyn's claim for injunctive relief under section 6213 was precluded because the notice was properly mailed, regardless of whether Blankstyn ever received it. See Cool Fuel, 685 F.2d at 312.
 
 
 11
 Blankstyn also contends that he is entitled to injunctive relief under the judicial exception to the Act. This contention lacks merit. Blankstyn failed to establish that under no circumstances could the government prevail. See Enochs, 370 U.S. at 7. Further, Blankstyn has an adequate remedy at law because he can pay the tax and file an action for refund. See 26 U.S.C. § 7422. Finally, the district court correctly found that Blankstyn would not suffer irreparable harm without an injunction. See Enochs, 370 U.S. at 7; Elias v. Connett, 908 F.2d 521, 526 (9th Cir.1990) (financial hardship does not constitute irreparable harm).
 
 III. Wrongful Disclosure
 
 12
 Blankstyn contends the district court erred by consolidating the trial on the merits of his wrongful disclosure claim with the preliminary injunction hearing and dismissing his wrongful disclosure claim. This contention has merit.
 
 
 13
 Section 6103 provides that income tax returns and return information are confidential. 26 U.S.C. § 6103; Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990). Section 7431 provides a taxpayer a civil cause of action for damages for the intentional or negligent disclosure of confidential return information by officers or employees of the United States. 26 U.S.C. § 7431(a); Maisano, 908 F.2d at 410. Section 6103, however, authorizes the IRS to disclose return information if necessary for the collection of a tax liability. 26 U.S.C. § 6103(k)(6); see Maisano, 908 F.2d at 410.
 
 
 14
 Here, Blankstyn alleged that because he did not receive a notice of deficiency and because the assessment was not properly recorded, the underlying assessment and lien were invalid and, therefore, the release of return information was unlawful. The district court correctly concluded that the IRS had established that the notice of deficiency was properly mailed and, therefore, that this allegation could not support a wrongful disclosure claim. Nevertheless, the district court failed to address Blankstyn's argument that no assessment was ever made. See 26 U.S.C. § 6203. The only evidence in the record regarding the assessment was a copy of the Summary Record of Assessment, which did not identify Blankstyn or the assessment made against him. Thus, the district court erred by dismissing Blankstyn's wrongful disclosure claim after the preliminary injunction hearing.[1] See Hughes v. United States, 953 F.2d 531, 542 (9th Cir.1992); Maisano, 908 F.2d at 410. Accordingly, we remand to the district court for further consideration of this claim.[2]
 
 
 15
 AFFIRMED in part, VACATED in part and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Blankstyn's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nevertheless, for the reasons discussed in section II above, Blankstyn was not entitled to injunctive relief on this claim
 
 
 [2]
 Given our disposition of this appeal, we need not consider whether the district court erred by denying Blankstyn's Rule 59(e) motion