992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian HOLLAND, Diedre Holland, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-70086.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1993.
Decided April 30, 1993.
 
 Before GOODWIN, HUG and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioners-appellants Brian Holland and Diedre Holland ("petitioners") appeal the tax court's dismissal on jurisdictional grounds of their petition for redetermination of asserted federal income tax deficiencies. The tax court ruled that it had no jurisdiction to consider a petition filed almost two and one-half years after a notice of deficiency had been sent to petitioners' last known address, and granted the Commissioner's motion to dismiss. We have jurisdiction over petitioners' timely appeal pursuant to 26 U.S.C. § 7482(a) (1988), and we affirm.
 
 
 3
 Petitioners' primary argument is that because they did not receive the notice of deficiency issued by the Commissioner, the applicable ninety-day period in which a petition for redetermination can be filed, 26 U.S.C. § 6213(a) (1988),[1] never began to run. However, "[a] notice of deficiency is valid if it is mailed to the taxpayer's last known address even if it is not received by the taxpayer." Williams v. C.I.R., 935 F.2d 1066, 1067 (9th Cir.1991) (emphasis added). Here, as in Williams, the issue is whether the Commissioner sent petitioners' deficiency notice to their "last known address," defined as " 'that on [their] most recent return, unless [petitioners] communicate[ ] to the IRS "clear and concise" notice of change of address.' " Id. (quoting United States v. Zolla, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830 (1984)). We review the tax court's determination that the Commissioner mailed petitioners' deficiency notice to their last known address, thus setting in motion the ninety-day period to file a redetermination petition, for clear error. King v. C.I.R., 857 F.2d 676, 678-79 (9th Cir.1988).
 
 
 4
 On April 29, 1987, the Commissioner sent a notice of deficiency to petitioners, by certified mail, for taxable years 1980, 1981, and 1982. Petitioners' 1980 return, filed late on April 30, 1984, showed their address as 210 Bell Canyon Road, Bell Canyon, California 91307. Their 1981 and 1982 returns, again filed late on January 21, 1985, showed their address as 70 Dapple Gray Road, Bell Canyon, California 91307.
 
 
 5
 The Commissioner mailed two copies of the deficiency notice--one to petitioners' 70 Dapple Gray Road address, and one to 14 Stirrup, Bell Canyon, California 91307. Petitioners moved to the 14 Stirrup address late in 1985, and had been interviewed by an Internal Revenue Service agent there on December 5, 1985, in connection with their then-unfiled federal income tax returns for taxable years 1983, 1984, and 1985. Thus, that address was properly in petitioners' administrative file, and, since it differed from the address shown on petitioners' 1980, 1981, and 1982 returns, was the location to which the Commissioner directed a duplicate original of the April 29, 1987 deficiency notice. The Commissioner fully complied with 26 U.S.C. § 6212(b), which authorizes the certified (or registered) mailing of a deficiency notice to a taxpayer's "last known address."
 
 
 6
 It is petitioners' burden "to keep the Commissioner informed as to [their] proper address." Alta Sierra Vista, Inc. v. C.I.R., 62 T.C. 367, 374 (1974), aff'd without opinion, 538 F.2d 334 (9th Cir.1974). As the Commissioner points out, petitioners are unable to demonstrate that the record supports their claim that they directed the IRS to send any correspondence to their attorneys, and not to them. There is no power of attorney pertaining to 1980-82 executed prior to the date the notice of deficiency was mailed by the Commissioner. The only such evidence was Brian Holland's testimony that such a document had been executed prior to April 29, 1987--testimony that the tax court considered "extremely vague and unsatisfactory." The tax court's determination that this testimony was insufficient to counter the absence of any documentation and the testimony of two IRS agents that petitioners gave them no such power of attorney is not clearly erroneous.
 
 
 7
 Absent "clear and concise notice" from the petitioners that correspondence from the Commissioner should be sent to an address other than their "last known address," King v. C.I.R., 857 F.2d at 679, the Commissioner's actions in mailing the deficiency notice were proper. We AFFIRM the tax court's decision to dismiss for lack of jurisdiction.[2]
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "Within 90 days ... after the notice of deficiency authorized in section 6212 is mailed ..., the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." 26 U.S.C. § 6213(a)
 
 
 [2]
 We reject petitioners' argument that Judge Dawson merely rubber-stamped Special Trial Judge James M. Gussis' opinion because he adopted that opinion on the same day (August 14, 1991) that the case was formally reassigned to him. Petitioners do not demonstrate why Judge Dawson's decision to adopt the special trial judge's opinion would be improper even if he had spent only one day reviewing the opinion; though certainly important to both parties, this is not a particularly complicated case. Secondly, the Commissioner advises the court that it is the tax court's practice to formally reassign cases heard by special trial judges only when a regular tax court judge is ready to enter a decision in the matter. This suggests that Judge Dawson had the opportunity, if needed, to review Special Trial Judge Gussis' proposed opinion prior to August 14, 1991