15 F.3d 1090
 73 A.F.T.R.2d 94-813
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aubrey L. TETERS; Dolly G. Teters, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70403.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 12, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aubrey L. and Dolly G. Teters appeal pro se the tax court's dismissal for lack of jurisdiction of their petition for redetermination of a tax deficiency for the 1981 tax year. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482(a), and we affirm.
 
 
 3
 We review the tax court's dismissal for lack of jurisdiction de novo. Abrams v. Commissioner, 814 F.2d 1356, 1357 (9th Cir.1987). Findings of fact underlying the tax court's determination, however, are reviewed for clear error. King v. Commissioner, 857 F.2d 676, 678-79 (9th Cir.1988).
 
 
 4
 Under 26 U.S.C. Sec. 6212, if the Secretary of the Treasury or his delegate determines a tax deficiency, he is authorized to send a notice of the deficiency to the taxpayer's last known address by certified or registered mail. See 26 U.S.C. Sec. 6212(a) & (b)(1).
 
 
 5
 Under 26 U.S.C. Sec. 6213, the taxpayer has ninety days in which to file a petition for redetermination of the deficiency in tax court. See 26 U.S.C. Sec. 6213(a). The timely filing of a petition with the tax court is jurisdictional. Shipley v. Commissioner, 572 F.2d 212, 213 (9th Cir.1977). The ninety-day period begins on the day the notice of deficiency is mailed to the taxpayer, regardless of when or if the taxpayer actually receives it. Williams v. Commissioner, 935 F.2d 1066, 1067 (9th Cir.1991) ("[a] notice of deficiency is valid if it is mailed to the taxpayer's last known address even if it is not received by the taxpayer").
 
 
 6
 Here, the Teters contend that they did not receive the notice of deficiency for tax year 1981 until September 5, 1992 and that they timely filed their petition with the tax court on November 20, 1992. The Internal Revenue Service in its motion to dismiss, however, submitted a certified mail list showing that the notice of deficiency for tax year 1981 was sent to the Teters by certified mail on February 23, 1984. Given this evidence, the tax court did not clearly err by finding that Teters's petition was untimely despite the Teters's contention that they did not receive the notice until 1992. See id.
 
 
 7
 The Teters also contend that even if the notice was sent, it was invalid because it was sent to "825 South 4th Street, Alhambra, California 91801" rather than "825 South Fourth Street, Alhambra, California 91801" and thus was not sent to their last known address. This contention lacks merit. "[T]he 'last known address' inquiry requires an examination of the totality of the circumstances and a balancing of many relevant factors...." King, 857 F.2d at 679. Here, the tax court found that the use of "4th" instead of "Fourth" would have an inconsequential effect on the delivery of the notice and thus the discrepancy did not invalidate the notice. We agree. See, e.g., Clodfelter v. Commissioner, 57 T.C. 102, 107 (1971), aff'd, 527 F.2d 754 (9th Cir.1975) (inconsequential errors in addressing a notice of deficiency do not destroy its validity); Kohilakis v. Commissioner, T.C.Memo 1989-366 (unclaimed notice of deficiency was valid despite having been addressed to "184 Lincoln Ave." instead of "184 Lincoln Blvd."). Moreover, on their 1981 tax return, the Teters also listed their address as "4th" rather than "Fourth" street which further supports the tax court's findings that the discrepancy was inconsequential.
 
 
 8
 Finally, the Teters argue that the provisions of the Internal Revenue Code governing review by the tax court violate their constitutional rights to due process and equal protection. These arguments lack merit. A taxpayer's due process rights are adequately protected by the statutory scheme governing the tax court. Stonecipher v. Bray, 653 F.2d 398, 403 (9th Cir.1981), cert. denied, 454 U.S. 1145 (1982).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Teters's request for an extension of time/oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3