37 F.3d 1505
 74 A.F.T.R.2d 94-6576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel JACOB, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70830.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Jacob appeals the tax court's dismissal of his petition for redetermination for lack of jurisdiction on the ground that Jacob's petition was untimely. Jacob contends that the tax court erred because the Commissioner of the Internal Revenue Service ("Commissioner") did not send the notice of deficiency to Jacob's "last known address." We have jurisdiction under 26 U.S.C. Sec. 7482(a) and affirm.
 
 
 3
 We review the tax court's dismissal for lack of jurisdiction de novo. Abrams v. Commissioner, 814 F.2d 1356, 1357 (9th Cir.1987) (per curiam). We review the issue of whether a notice of deficiency was mailed to a taxpayer's last known address for clear error. King v. Commissioner, 857 F.2d 676, 678-79 (9th Cir.1988).
 
 
 4
 Under 26 U.S.C. Sec. 6212, once the Commissioner determines a tax deficiency, he is authorized to send a notice of the deficiency to the taxpayer's last known address by certified or registered mail. See 26 U.S.C. Sec. 6212(a) & (b)(1). The taxpayer has ninety days from the date the notice of deficiency is mailed in which to file a petition for redetermination of the deficiency in tax court. Id. Sec. 6213(a). The ninety-day period begins on the day the notice of deficiency is mailed, regardless of when or if the taxpayer actually receives it. Williams v. Commissioner, 935 F.2d 1066, 1067 (9th Cir.1991). The timely filing of a petition with the tax court is jurisdictional. Shipley v. Commissioner, 572 F.2d 212, 213 (9th Cir.1977) (per curiam).
 
 
 5
 A taxpayer's last known address is that on his most recent return, unless the taxpayer communicates to the Commissioner clear and concise notice of a change of address. Williams, 935 F.2d at 1067. The Commissioner sent duplicate notices of deficiency to Jacob and his former wife Tina Jacob ("Tina") by certified mail on March 14, 1991. These notices were sent to four addresses: 495 Margrave Drive, Reno, Nevada 89502; P.O. Box 12574, Reno, Nevada 89510; 129 Arroyo # 1, Reno, Nevada 89502; and 1806 I Street, Sparks, Nevada 89431. 495 Margrave Street was the address on Jacob's and Tina's most recent tax return.[1]
 
 
 6
 Jacob contends the Commissioner was not entitled to rely on these addresses because Tina notified the Commissioner that Jacob's address had changed. This contention lacks merit.
 
 
 7
 The notice sent by Tina does not state that it is a change of address for Jacob, nor does it provide a new address for Jacob. The notice only provides a new address for Tina. Therefore, the notice sent by Tina does not constitute clear and concise notice by Jacob of a change in his address. See id.
 
 
 8
 Furthermore, the Commissioner had no duty of reasonable diligence to ascertain Jacob's correct address after the time that the notices of deficiency were mailed. Id. at 681 (stating that under 26 U.S.C. Sec. 6212(b) "validity of the notice turns on whether the IRS used the last known address when the notice was mailed " (emphasis added)). Here, the notices of deficiency were sent by certified mail on March 14, 1991. Tina's notice was not sent until April 30, 1991. Thus, even assuming that Tina's notice constituted clear and concise notice, the Commissioner had no duty to ascertain Jacob's correct address because the notices of deficiency were already mailed. See id.[2]
 
 
 9
 The tax court did not clearly err by determining that a notice of deficiency was mailed to Jacob's last known address. See Williams, 935 F.2d at 1068. Since Jacob did not file his petition for redetermination until June 29, 1992, the petition was untimely and the tax court did not err by dismissing the petition for lack of jurisdiction. See 26 U.S.C. Sec. 6213(a), (c); Shipley, 572 F.2d at 213.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The notice of deficiency was valid despite having been addressed to "495 Margrave Drive" instead of "495 Margrave Street". See, e.g., Clodfelter v. Commissioner, 57 T.C. 102, 107 (1971) (inconsequential errors in addressing a notice of deficiency do not destroy its validity), aff'd, 527 F.2d 754 (9th Cir.1975)
 
 
 [2]
 Tina's notice provided her new address as 1520 Locust, Reno, NV 89502. Jacob alleges that the Commissioner erroneously sent a copy of the notice of deficiency to 1320 Locust St., Reno, NV. Thus, Jacob contends that the Commissioner had notice that he had changed his address. This contention lacks merit. As discussed above, the notice was sent after the Commissioner mailed the notices of deficiency. See King, 857 F.2d at 679, 681