69 F.3d 543
 76 A.F.T.R.2d 95-6733, 95-2 USTC P 50,545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John A. BRIGNAND, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70139.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1995.*
Decided Sept. 21, 1995.
 
 Before: CHOY, BEEZER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John A. Brignand appeals the tax court's dismissal of his petition for redetermination of an income tax deficiency. His petition was dismissed for a lack of jurisdiction on the ground that it was untimely. Brignand contends that the dismissal was improper because the Commissioner of Internal Revenue ("Commissioner") did not send the statutory notice of deficiency to Brignand's "last known address." We have jurisdiction pursuant to 26 U.S.C. Sec. 7482(a), and we affirm.
 
 
 3
 * We review de novo a tax court's dismissal for lack of jurisdiction. Abrams v. Commissioner, 814 F.2d 1356, 1357 (9th Cir.1987) (per curiam). A determination of whether a notice of deficiency was mailed to a taxpayer's last known address is reviewed for clear error. King v. Commissioner, 857 F.2d 676, 678-79 (9th Cir.1988).
 
 II
 
 4
 Brignand contends that the tax court erred in determining that a statutory notice of deficiency sent on April 1, 1987 by the Commissioner was mailed to his last known address. He therefore argues that his petition filed on August 20, 1992, over five years after the notice was mailed, was not untimely. We disagree.
 
 
 5
 Once the Commissioner determines a tax deficiency exists, she is authorized under 26 U.S.C. Sec. 6212(a) to send notice of such to the taxpayer by either certified or registered mail. Such mailing is sufficient if the notice is mailed to the taxpayer at his "last known address." Id. Sec. 6212(b). Within 90 days, or 150 days if the notice is mailed to an address outside the United States, after a notice is mailed, the taxpayer may file a petition for a redetermination of the deficiency. Id. Sec. 6213(a). The relevant period begins on the date the notice is mailed regardless of whether the taxpayer actually receives it. Williams v. Commissioner, 935 F.2d 1066, 1067 (9th Cir.1991). A petition filed after the relevant period is untimely, and the tax court lacks jurisdiction to hear it. Shipley v. Commissioner, 572 F.2d 212, 213 (9th Cir.1977).
 
 
 6
 On December 17, 1986, the Commissioner mailed duplicate statutory notices of deficiency to Brignand at two different addresses in Reno, Nevada. Brignand's 1986 income tax return, dated January 29, 1987, was subsequently filed with the Internal Revenue Service. Brignand listed an Al Jubail, Saudi Arabia address on this return. On April 1, 1987, the Commissioner mailed another notice of deficiency for the years at issue addressed to Brignand at the Saudi Arabia address.[1]
 
 
 7
 Brignand argues that because the Commissioner sent the first notice of deficiency to the Nevada addresses, and the second notice to the Saudi Arabia address, the Commissioner was in doubt as to his last known address and should have sent the second notice to all three addresses.
 
 
 8
 Brignand's argument fails because the April 1, 1987 notice was mailed to his last known address, and thus the previous mailings are irrelevant. As we have held, a "taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless [the Commissioner] has been given clear and concise notification of a different address." Williams, 935 F.2d at 1067. The April 1, 1987 notice was mailed to the address on Brignand's most recently filed return. There is no evidence in the record that Brignand communicated a different address to the Commissioner between the time he filed his 1986 return and the time the April 1, 1987 notice was mailed.
 
 
 9
 Brignand contends that he did not need to communicate a different address to the Commissioner because the filing of a return with a different address does not relieve the government of the burden of continuing to mail to previously provided addresses. This is not the required standard. We have held that "while the Commissioner is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address, he is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address." King, 857 F.2d at 679. Because Brignand failed to provide the requisite notice, the Commissioner was entitled to rely on the information supplied by Brignand in his most recent return.
 
 
 10
 The tax court did not clearly err in its determination that the April 1, 1987 notice of deficiency was sent to Brignand's last known address and that his petition for redetermination was untimely.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The notice sent was identical to those sent on December 17, 1986, except that the deficiency for 1980 was mistakenly noted as $11,594 instead of $6,044