T.C. Memo. 2001-228

UNITED STATES TAX COURT

FRANK LOPEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10494-00L.                    Filed August 20, 2001.

Frank Lopez, pro se.

<u>Wendy S. Harris</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  This case is before us on respondent's motion for partial dismissal due to lack of jurisdiction over respondent's proposed levy on petitioner's property for petitioner's unpaid Federal income taxes for 1984 through 1987, 1991 through 1993, and 1996, in the total amount of $122,202, and

additional penalty and interest in the total amount of $59,182. Respondent concedes that we have jurisdiction over respondent's proposed tax lien filings relating to petitioner's unpaid Federal income taxes for 1984 through 1987 and for 1996.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

The controlling issue before us on respondent's instant motion for partial dismissal involves whether respondent mailed the notice of intent to levy to petitioner at petitioner's last known address. This fact issue turns on whether the receipt by respondent from petitioner -- 32 days before respondent mailed to petitioner the notice of intent to levy -- of an incomplete tax return established that petitioner had a new address to which respondent should have mailed the notice of intent to levy.

FINDINGS OF FACT

On petitioner's original and amended Federal income tax returns for 1986 through 1997, as filed with respondent, the mailing address of petitioner was indicated as 2550 East Desert Inn Road, Apartment 201, Las Vegas, Nevada 89121 (Desert Inn address). The Desert Inn address constitutes the address of Mailbox, Etc., a retail store that provides post office boxes and other mail services to paying customers, of whom petitioner was one.

On April 15, 1999, petitioner filed with respondent a document purporting to be petitioner's Federal income tax return for 1998. This document was not complete and did not reflect petitioner's income. On this document, petitioner's mailing address was indicated as 3451 Nightflower Lane, Apartment C, Las Vegas, Nevada 89121 (Nightflower address).

As of May 17, 1999, petitioner's address was still indicated in respondent's computer system as the Desert Inn address.

On May 17, 1999, respondent mailed to petitioner at the Desert Inn address a Letter 1058, Notice of Intent to Levy and Notice of * * * [a] Right To a Hearing (Levy Letter) relating to $122,202 in petitioner's unpaid Federal income taxes for 1984 through 1987, 1991 through 1993, and 1996, in which respondent informed petitioner that, in order to contest the proposed levy, petitioner must request from respondent a Collection Due Process (CDP) hearing within 30 days of May 17, 1999.

Respondent did not receive a request from petitioner for a CDP hearing within 30 days of respondent's mailing of the Levy Letter.

On each of September 2, 1999, and September 10, 1999, respondent mailed to petitioner at the Nightflower address a Letter 3172, Notice of Federal Tax Lien Filing and * * * [a] Right to a Hearing Under IRC 6320 (Lien Letters), with respect to petitioner's unpaid Federal income taxes for 1984 through 1987

and for 1996, in which respondent informed petitioner that, in order to contest the proposed lien filings, petitioner must request a CDP hearing within 30 days.

On September 30, 1999, respondent received from petitioner a Form 12153, Request for a Collection Due Process Hearing, in which petitioner requested a CDP hearing with respect to the above proposed levy and the proposed lien filings.

Sometime after September 30, 1999, respondent denied petitioner a CDP hearing with respect to the proposed levy, but respondent granted petitioner a CDP hearing with respect to the proposed lien filings.

Respondent, however, did grant petitioner an equivalent hearing under section 301.6330-1T(i), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3413 (Jan. 22, 1999), with respect to the proposed levy.

On August 30, 2000, at the conclusion of the equivalent hearing, respondent issued to petitioner a decision letter in which respondent concluded that respondent's Levy Letter was properly mailed to petitioner at petitioner's last known address, that petitioner's request for a CDP hearing with regard to the proposed levy was untimely, and that petitioner was not entitled to any relief with regard to the proposed levy.

On September 7, 2000, with respect to the proposed lien filings, respondent issued to petitioner a notice of

determination pursuant to section 6330 in which respondent determined that the lien filings constituted appropriate action and denied petitioner any relief.

As stated, respondent did not conduct a CDP hearing with regard to the levy proposed in the Levy Letter, and respondent did not issue a notice of determination with regard thereto.

On October 6, 2000, petitioner filed his petition herein in which petitioner challenges both the proposed levy and the proposed lien filings.

## OPINION

Prior to collection of taxes by way of a levy on a taxpayer's property, section 6330 requires that respondent give taxpayers notice of, and the opportunity for, administrative review of the proposed levy in the form of a CDP hearing.

Section 6330(a) specifically provides that respondent shall notify a taxpayer of the right to a CDP hearing by mailing a notice of intent to levy to the taxpayer's last known address, and the taxpayer has 30 days from the mailing of that notice to request a CDP hearing. If a timely request for a CDP hearing is made, respondent is required to make a determination of the issues raised at the hearing. Sec. 6330(c).

Under section 6330(d), we have jurisdiction to review respondent's determination with respect to issues raised at a CDP hearing only if a notice of determination pursuant to section

6330 has been mailed to the taxpayer and only if a timely petition to the Tax Court has been filed. Offiler v. Commissioner, 114 T.C. 492, 498 (2000) ("The notice of determination provided for in section 6330 is, from a jurisdictional perspective, the equivalent of a notice of deficiency.").

Generally, the Tax Court does not have jurisdiction to review decisions made by respondent in equivalent hearings, and a decision letter thereunder does not constitute a notice of determination pursuant to section 6330 from which a petition may be filed in this Court.[1] Sec. 301.6330-1T(i), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3413 (Jan. 22, 1999); Kennedy v. Commissioner, 116 T.C. 255, 262-263 (2001); Johnson v. Commissioner, 86 AFTR 2d 2000-5225, 2000-2 USTC par. 50,591 (D. Or. 2000).

Unless a taxpayer otherwise clearly and concisely conveys to respondent a change of address, the address reflected on the taxpayer's most recently filed tax return will be treated as the last known address. United States v. Zolla, 724 F.2d 808, 810

---

[1] The temporary regulations provide a limited exception where a taxpayer seeks review of respondent's decision in an equivalent hearing with regard to innocent spouse status under sec. 6015(b) or (c). Sec. 301.6330-1T(i)(2), Q&A-I5, Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3413 (Jan. 22, 1999); Mather & Weisman, 638-2d Tax Mgmt. (BNA), "Defensive Measures," at A-109 (2000).

(9th Cir. 1984); <u>Abeles v. Commissioner</u>, 91 T.C. 1019, 1032 (1988).

Because of the large number of tax returns filed with respondent on or around April 15 and as a matter of "practical operational necessity", respondent is allowed, after receipt, a reasonable period of time to process and to post to respondent's computer systems new addresses of taxpayers. <u>Williams v. Commissioner</u>, 935 F.2d 1066, 1068 (9th Cir. 1991), affg. T.C. Memo. 1989-439. Whether respondent exceeded a reasonable period of time to process and to post new addresses involves a question of fact. <u>Id.</u>

Petitioner contends: (1) That respondent's May 17, 1999, Levy Letter was not mailed to his last known address; (2) that he did not receive the May 17, 1999, Levy Letter mailed to his Desert Inn address; (3) that respondent's May 17, 1999, Levy Letter did not constitute proper notice of his right to a CDP hearing with regard to the levy notice; and (4) that we therefore should enjoin respondent's proposed levy.

We disagree. Particularly in light of the fact that petitioner's 1998 Federal income tax return constituted an incomplete return, a 32-day period did not exceed a reasonable period of time for respondent to post petitioner's Nightflower address to respondent's computer system. Rev. Proc. 90-18, 1990-1 C.B. 491, 494. Accordingly, respondent, in this case, was

entitled, for purposes of the address to which the notice of levy would be mailed, to use petitioner's Desert Inn address.  With respect to the levy proposed in the Levy Letter, respondent gave petitioner under section 6330 adequate notice of and the opportunity to request a CDP hearing.

Petitioner failed timely to request a CDP hearing, and petitioner is not now entitled to challenge in this Court respondent's failure to grant petitioner a CDP hearing with regard to the proposed levy.

Further, because respondent did not issue to petitioner a notice of determination with regard to the proposed levy and because respondent's decision letter pursuant to the equivalent hearing does not constitute a notice of determination under section 6330, we lack jurisdiction to review respondent's proposed levy.

To reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction as to the proposed levy relating to petitioner's property for unpaid Federal income tax for 1984 through 1987, 1991 through 1993, and 1996, will be issued.