**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ARTHUR SARKISSIAN, | No. 13-70121 |
| Petitioner - Appellant, | Tax Ct. No. 27511-11 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted May 13, 2015[**]

Before:      LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Arthur Sarkissian appeals from the Tax Court's order dismissing his action

for lack of subject matter jurisdiction. We have jurisdiction under 26 U.S.C.

§ 7482(a)(1). We review for clear error the Tax Court's factual findings, *Williams*

*v. Comm'r*, 935 F.2d 1066, 1068 (9th Cir. 1991), and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Tax Court did not clearly err in finding that Sarkissian actually received the notice of deficiency. *See Erhard v. Comm'r*, 87 F.3d 273, 274 (9th Cir. 1996) (notice of deficiency is valid if "the taxpayer *actually receives* the notice, regardless of where the IRS mails the notice"); *see also Sparkman v. Comm'r*, 509 F.3d 1149, 1156 (9th Cir. 2007) ("[T]he Tax Court . . . may disregard uncontradicted testimony by a taxpayer where it finds that testimony lacking in credibility." (citation and internal quotation marks omitted)).

We reject Sarkissian's arguments concerning due process and the IRS's alleged intentional failure to send notices to Sarkissian's tax preparer and attorney.

**AFFIRMED.**

13-70121